COLE *v.* COLE.

1. JUDGMENT—COLLATERAL ATTACK—DIVORCE—DECREE—SUBSE-
QUENT ALLOWANCE OF ALIMONY.

> After the granting of a decree of divorce without alimony and
> without reserving that question, the wife petitioned to re-
> open the decree on the ground of fraud, and to be allowed to
> make a defense.  After hearing, the court amended the de-
> cree by making a money allowance, though no amendment was
> prayed.  *Held,* that as the object of the petition was a sub-
> ject over which the court had jurisdiction and could dispose
> of, if properly brought before the court, the order allowing
> the amendment, though unauthorized, was not void so as to
> be subject to collateral attack, and not having been appealed
> from, must be considered a valid order in all subsequent pro-
> ceedings in the case.

2. DIVORCE—ALIMONY—SUBSEQUENT ALLOWANCE.

> Where, after granting a decree for divorce without provision
> for alimony, and without reserving that question, the court
> modifies its decree so as to make a money allowance to the
> wife, the whole question of alimony or allowance is then open
> under section 8641, 3 Comp. Laws, though the modification of
> the decree was unauthorized had the proper objection been
> made.

3. SAME—ALIMONY—FURTHER ALLOWANCE—CHANGE OF CIRCUM-
STANCES.

> Where, since the last hearing on the question of an allowance
> to a divorced wife, the husband's second wife has died, and
> the divorced wife has developed a serious physical ailment
> incapacitating her to labor, there is a sufficient change of
> circumstances to justify a further allowance.

Appeal from Wayne; Brooke, J.  Submitted February
9, 1906.  (Docket No. 121.)  Decided June 4, 1906.

Bill by George E. Cole against Mary E. Cole for a di-
vorce:  On petition of defendant for a modification of the
decree.  From an order amending the decree, complain-
ant appeals.  Affirmed.

*Henry W. Axford,* for complainant.

*Wesley L. Nutten,* for defendant.

BLAIR, J. This is an appeal from an order amending a decree for divorce. The decree was entered on the 24th day of February, A. D. 1902. The bill for divorce was filed December 4, 1901, by George E. Cole, the appellant, charging the defendant, Mary E. Cole, with extreme cruelty. After service of the subpœna upon her, she entered her appearance in said cause. Not answering, pleading, or demurring to the bill, the same was taken as confessed. The complainant was given his decree. There were no children by the said marriage, and the decree gave no alimony, nor was the question of alimony reserved. A year after the decree, the complainant remarried. On June 25, 1903, after the complainant's remarriage, and about a year and a half after the decree was granted, the defendant, Mary E. Cole, filed her first petition to reopen the said decree on the ground of fraud, and to set aside and vacate the same, and to allow the defendant the privilege of answering and defending. The fraud complained of was that he promised to support her during the remainder of her life, and had failed to do so. After hearing the testimony, the court made a decree in accordance with the following opinion, viz. :

" I will amend this decree and compel this defendant to pay the $90, and the $50, $140. Those amounts he is in law bound to pay and should pay. I am not prepared to say whether this woman is imposed upon or not. She is a woman of extraordinary intelligence, and it seems to me strange that she could have been induced to take the course she did by anything that he said, unless, as she says, she was afraid of him. She has some little property of her own now and he appears to have nothing. I will not make a decree for any permanent alimony, but this $140 he must pay, $35 every three months, the whole to be paid within one year. You may amend the decree in that regard."

One hundred dollars of the sum of $140 decreed to be

paid was paid by the complainant as a compromise. On August 20, 1904, defendant filed a second petition, asking for "an additional allowance, as and for permanent alimony," and alleging that since the allowance of the $140 she has discovered that she is afflicted with a uterine tumor, and has become unable to do any work. After hearing the proofs, the circuit judge amended the decree by adding the following clause:

"Said complainant, George E. Cole, shall pay, until further order of this court, to said defendant, Mary E. Cole, as and for permanent alimony, or an allowance, the sum of $2 per week, for each and every week, payable monthly. Said weekly allowance of $2 shall date and commence from Monday, September 5, 1904, which is the date of her application for an amendment of the decree herein."

Appellant contends that the petition of the defendant and appellee should have been dismissed; that the amendments to the original decree were made without authority of law, for the following reasons:

"*First*. Because the court had no jurisdiction to give alimony, as alimony was neither granted nor reserved in the original decree, and the refusal to reopen the decree and to grant alimony on the first petition was res judicata.

"*Second*. Because the $140 ordered to be paid at first hearing to reopen was not 'alimony or other allowance,' and if it is alimony, it is a sum in gross, and a bar to any further proceeding for alimony.

"*Third*. Because the order of October 12, 1903, and the amendment of June 5, 1905, were made after the term in which the original decree was rendered, and are void.

"*Fourth*. Because the testimony does not show such new facts as would warrant the giving or altering of alimony had the court jurisdiction to do so.

"*Fifth*. Because public policy makes judgments of this character more stable and unassailable than any other species."

There is nothing in the record to indicate that appellant questioned the jurisdiction or power of the court to make the first amendment. On the contrary, he admitted the jurisdiction, so far as he could by his conduct, raised no

such question in his answer to the petition, went to hearing upon the merits and finally compromised, and paid the allowance decreed to petitioner.

We agree with counsel for appellant that the allowance of the first amendment was unauthorized as against a proper objection. *Moross* v. *Moross*, 129 Mich. 27. We do not think, however, that the amendment was void so as to be subject to collateral attack. The petition alleged , fraud in the procuring of the decree, and prayed that it might be opened and vacated, and petitioner permitted to file an answer, and make a defense. There was no prayer for or suggestion of an amendment to the decree; the object of the petition was to vacate the decree. This was a subject over which the court had jurisdiction and could dispose of, if properly brought before the court. The fact that the wrong practice was pursued and an unauthorized decree was entered, would not oust the court of his jurisdiction over the subject-matter so as to render the decree void, and subject to collateral attack. *Reynolds* v. *Reynolds*, 115 Mich. 378. No appeal having been taken from the order of the court allowing the amendment, it must be considered a valid order in the subsequent proceedings.

The fourth paragraph of appellee's petition in the present proceeding avers, amongst other things:

" But said court, on the hearing of said petition, modified his said decree by making an allowance of $140 to petitioner, and said allowance was made on, to wit, the 12th day of October, 1903, and $100 has since been paid by complainant as a compromise in full for said allowance."

Appellant in his answer admits the statement of paragraph 4. In his opinion for a decree, the circuit judge says:

" The court, without passing upon the question of fraud, and because of the fact that the rights of an innocent person had intervened, that is, the second wife of the complainant, declined to set aside the decree, but modified it so as to compel the complainant to pay to the defendant about $180 by way of alimony or allowance. After the

decree was amended and after the complainant had paid said amount, his second wife died. * * * In January of this year, the present application for a further allowance to the defendant by way of alimony was made. At that time the complainant was a single man, but shortly after service of the application to amend was made upon him, he again married, and is now living with his third wife. The testimony shows beyond question that the defendant is in very poor health; that she suffers from rheumatism, has some chronic heart trouble, and has a uterine tumor which necessitates the performance of an operation."

It is stated in the brief for complainant and appellant:

"The court in its decision on hearing of the first petition to reopen the decree, said that it 'would not make a decree for any permanent alimony.' Mrs. Cole testified on that hearing that she was surety for Mr. Cole on two notes, $90 and $50—$140—and that she had to pay the same. The court in its decision ordered Mr. Cole to pay her the amount of those two notes, '$90 and $50—$140. Those amounts he is in law bound to pay and should pay.' By that order, the court specifically enforced the payment. But as to giving alimony, the court refused to do so. 'I will not make a decree for any permanent alimony.'"

The testimony on the hearing of the first petition does not appear in this record, and, while the first opinion of the court would indicate that the statement of appellant was correct and that the granting of the $140 was neither by way of alimony or allowance, we must be governed by the record, which compels us to determine, as admitted by appellant, that "said court * * * modified his said decree by making an allowance of $140 to petitioner."

The first order having been held to be valid, it necessarily follows that the court had jurisdiction of the subject-matter and power to "revise and alter such decree respecting the amount of such alimony or allowance." 3 Comp. Laws, § 8641.

We think the situation of and circumstances surrounding the parties had changed sufficiently since the first order to justify the second.

The decree is affirmed, with costs of both courts to appellee.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.