### GITTINGS v. GITTINGS.

1. DIVORCE—ALIMONY—AGREEMENTS FOR CUSTODY AND SUPPORT OF CHILDREN—STATUTES—CONSTRUCTION—EQUITY.

> Section 8641, 3 Comp. Laws (3 Comp. Laws 1915, § 11417), relating to the revision of decrees for alimony on petition by either party, was enacted for the benefit of the children as well as the parents, and where the conscience of the court, upon a proper hearing, is moved, and the court is satisfied as to what will subserve the best interests of the children, a contract in conflict with such provision must be set aside, and such provision for the care, custody, and maintenance of such children made as the 'interest and welfare of the children require.[1]

2. SAME.

> Where the children of divorced parents were 8 and 11 years old, respectively, and their support and maintenance depended upon the earnings of the wife in doing laundry work, and the husband. was a tenant farmer in good health, it was for the best interests of the children. that

---

[1]For authorities discussing the question of liability of father for support of children as affected by decree awarding custody to mother, see note in 2 L. R. A. (N. S.) 851.

the father pay the sum of $2 per week as provided by the original decree for their support regardless of an agreement made after divorce as to the custody and support of the children.

3. SAME.

The question of the support and maintenance of the children was sufficiently presented under 3 Comp. Laws, § 8641 (3 Comp. Laws 1915, § 11417), so as to not necessitate an independent suit where, on a petition by a divorced husband to compel his divorced wife to comply with the provisions of a divorce decree as to visitation to the children by the husband, the wife by her answer set up the circumstances under which she signed an agreement whereby one of the children was left with her brother to remain until she reached the age of 14 years and plaintiff should be relieved from thereafter paying the sum of $2 per week for the support of his two children, as was required by the decree, stated that she had no means except her earnings with which to support the children and prayed that plaintiff be required to comply with the terms of the decree with reference to alimony.[1]

4. SAME—ALIMONY—STATUTES—EX POST FACTO EFFECT.

Act No. 379, Pub. Acts 1913 (3 Comp. Laws 1915, § 11443 *et seq.*), an act to facilitate collection of alimony ordered paid in divorce suits, is not given *ex post facto* effect so as to impair vested rights of defendant in a divorce suit where the court renders a modified order for payment of alimony to the register of court after the law goes into effect, although the law was not in effect at the time the original decree was rendered.

Appeal from Hillsdale; Chester, J. Submitted June 8, 1917. (Docket No. 18.) Decided July 26, 1917.

Bill by Lena M. Gittings against Joel C. Gittings for a divorce. Plaintiff was granted a divorce and given the custody of the children and defendant required to contribute towards their support. On petition of defendant for a modification of the decree: From the order made, defendant appeals. Affirmed.

[1] On modification of decree of divorce on account of changed conditions, see note in 44 L. R. A. (N. S.) 1026.

FELLOWS, J. The parties to this proceeding were married February 11, 1903, and were divorced July 17, 1909. The decree, which was granted upon plaintiff's bill, gave the custody of their three children, Laura, Stella, and Fred, to plaintiff, required defendant to pay $2 per week for their support, and in general terms gave defendant opportunity to see and have the children with him at reasonable times. Fred was but a babe at this time, and died when 11 months old. December 20th, following, on petition of defendant, the decree was modified by making more definite defendant's right to see and have the children with him. March 24, 1910, the parties entered into an agreement, both parties being represented by counsel, whereby it was agreed that plaintiff's brother might have the custody of the daughter Stella, until she reached the age of 14, and defendant be relieved from thereafter paying the $2 per week. It would appear that on July 27, 1910, the defendant instituted proceedings to punish plaintiff for contempt in failing to comply with the decree with reference to defendant's right to see the children. The record contains none of the proceedings on this application, but we infer from what is disclosed that it was adjusted by the parties with the aid of counsel. There is also in the answer an allegation that a proceeding was instituted for a further modification of the decree on March 12, 1910; but we find no copy of it, or any further definite reference to it.

On August 14, 1915, this proceeding was instituted by petition of defendant, setting up briefly the proceedings, the fact of the contract of March 24, 1910, and alleging plaintiff's failure to comply with the provisions of the decree as to visitation to and by the children. Plaintiff answered this petition, among other things setting up that Stella, the daughter who had for a time lived with her brother, had returned to her

and had been with her about a year. She set up her financial condition, and asked that defendant be required to comply with the provisions for alimony as provided in the decree as last modified. A hearing was had in open court, and an order was made requiring defendant to pay to the register of the court $2 per week for the support of the two children, absolving defendant from payment of anything for the support of the children from the date of the contract to August 31, 1915, required defendant to give a week's notice when he desired the custody of the children, and, with other slight modifications, confirmed the decree. From this order, defendant appeals.

It is urged on behalf of defendant that the agreement between the parties is binding, that it was made by them with the assistance and advice of counsel, and should not, under the facts proven, be set aside. It is also urged that the pleadings are not sufficient to warrant the court in granting relief in disregard of its provisions. It must be borne in mind that this contract does not deal with the property rights of the parties, but relates solely to the custody, care, and support of the minor children. Section 8641, 3 Comp. Laws (3 Comp. Laws 1915, § 11417), provides:

"After a decree for alimony or other allowance, for the wife and children, or either of them, and also after a decree for the appointment of trustees, to receive and hold any property for the use of the wife or children' as before provided, the court may, from time to time, on the petition of either of the parties, revise and alter such decree, respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any decree respecting any of the said matters which such court might have made in the original suit."

The language of Mr. Justice BIRD, speaking for

197—Mich.—29.

the court in *Aldrich* v. *Aldrich,* 166 Mich. 248 (131 N. W. 542), having reference to this statute, is quite pertinent. He there said:

"This statute was enacted for the benefit of the children, as well as the parents, and any agreement which the parents may make in the settlement of alimony ought not to and does not bind the conscience of the court as to what is for the welfare of the children."

Where the welfare of the child is involved as it is in divorce cases, parents cannot by contract so bind themselves as to foreclose the court from an inquiry as to what that welfare requires. Where the conscience of the court, upon a proper hearing, is moved, and the court is satisfied as to what will best subserve the interest of the child, contracts in conflict with such interest must be put aside, and such provision for the proper care, custody, and maintenance of such child must be made as the interest and welfare of the child requires. At the time of the hearing, Stella was 8 years old and Laura nearly 11. They were being sent to school and were given music lessons. Their support and maintenance depended upon the earnings of plaintiff in doing washing and ironing for her neighbors. The trial court found that the best interest of these children and their proper support and maintenance required that there should be added to this meager provision a contribution by the father of $2 per week.

We are not inclined to disagree with him. The defendant is a tenant farmer, and so far as the record discloses in good health. For over five years he has not contributed to the support of these children. The trial court saw these parties and heard their testimony. He was in a better position to judge their credibility than we are. We are impressed that he dealt as leniently with defendant as the facts warrant.

The question of the support and maintenance of

these children was properly presented by the pleadings. Plaintiff by her answer set up the circumstances under which she signed the contract, stated that she had no means except her earnings with which to support said children, and prayed that defendant be required to comply with the terms of the modified decree, with reference to the payment of alimony. This was sufficient, under the statute above quoted. It did not require an independent suit to set aside the contract before the court had the power under this statute to make suitable provision for these children.

The order appealed from requires the payment of the money to the register of the court. It is urged that this was done pursuant to Act No. 379, Pub. Acts 1913 (3 Comp. Laws 1915, § 11443 *et seq.*), that this act was passed subsequent to the date of the decree entered in this cause, and that to allow the use of this act is to give it an *ex post facto* effect. The act is entitled "An act to facilitate the collection of temporary and permanent alimony ordered to be paid in suits for divorce." It is not a penal statute, but regulates the procedure on failure of the husband to pay temporary or permanent alimony. In the instant case the court filed a modified order; the statute was in force when such modified order was filed, although not in force when the original decree was filed. It was within the power of the court and highly proper that the modified order should provide for the payment of the money pursuant to the provisions of the law in force when such modified order was filed, and that the procedure provided by such law be used, if necessary, for the enforcement of the order. Defendant had no vested rights which were infringed.

The order should be, and it is, affirmed, with costs to plaintiff.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. OSTRANDER, J., did not sit.