ENGELMAN v. ENGELMAN.

1. DIVORCE—MODIFICATION OF DECREE FOR ALIMONY—STATUTES.
   Under 3 Comp. Laws 1915, § 11417, the court may, after a decree for alimony or other allowance for the wife or children, on petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance.

2. SAME—EVIDENCE—SUFFICIENCY.
   A showing that the health of plaintiff has failed, that the health of some of the minor children, who are in plaintiff's custody, has also failed, and that plaintiff's financial condition is much worse than at the time of granting the decree of divorce, whereas defendant's financial condition has much improved since that time, he having inherited property of the value of $8,000, bringing him a monthly rental of $74, and having received an increase of $10 a month in salary, held, to justify a modification of the decree, allowing a sale of the homestead for plaintiff's benefit, increasing her allowance from $22.50 to $35 a month, and increasing the allowance of one of the children from $7.50 to $10 a month.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted January 6, 1921. (Docket No. 76.) Decided February 3, 1921.

Bill by Mary F. Engelman against George C. Engelman for a divorce: On petition of plaintiff for a modification of the decree respecting alimony. From a decree for plaintiff, defendant appeals. Affirmed.

*Lodge & Brown,* for plaintiff.

*James H. Pound,* for defendant.

STONE, J. This case is here upon appeal by the defendant from an order of the circuit court for the

county of Wayne, in chancery, dated June 5, 1919, granting the petition of plaintiff for a modification of a decree for the payment of alimony. On February 11, 1914, the plaintiff obtained a decree of absolute divorce from the defendant upon the ground of extreme cruelty. The record shows that there are 7 children of the parties, 4 of whom were minors at the time of the granting of the original decree. By the terms of the original decree the plaintiff was awarded the custody and control of the three youngest children, to wit, Francis, Marion, and Gertrude, until the further order of the court. It was also thereby ordered that the defendant pay, or cause to be paid, to the plaintiff as and for the maintenance, support and education of each of the said 3 minor children the sum of $7.50 per month, or a total of $22.50 per month, in advance, on the first day of each month thereafter, so long as they should respectively remain in her custody or were dependent upon her, and until the further order of the court. The defendant was given the right to visit, take and entertain said children at reasonable times and places, and to have the custody of the boy, Francis, during the months of July and August of each year, until the further order of the court. As permanent alimony and in lieu of all dower, homestead and other property rights which the plaintiff might have against the defendant, or in his property both real and personal, she was awarded and defendant was ordered, adjudged and decreed to deliver, turn over and pay to plaintiff the same as follows:

(*a*) The absolute title to an undivided two-fifths interest in the fee of the homestead of the parties thereto, then occupied by the plaintiff, which premises were known as 1297 Helen avenue, in the city of Detroit, and were particularly described in the decree.

(*b*) The exclusive right to the use and occupation of the remaining three-fifths interest of said premises,

terminable upon plaintiff's death, remarriage, or by valid agreement of the parties.

(c) The exclusive use until the further order of the court of all the household furniture in the homestead, except in the personal paraphernalia and wearing apparel of defendant.

(d) It was ordered that the legal title to the said furniture so used by plaintiff should vest equally in the parties, subject to the aforesaid right of occupancy by plaintiff, the survivor to take the whole.

(e) The defendant was ordered to pay to plaintiff $22.50 monthly in advance on the first day of each month thereafter so long as plaintiff remained unmarried.

(f) The taxes and all other charges against the aforesaid homestead premises accruing prior to December 15, 1913, the defendant was ordered and decreed to pay, or cause to be paid, within the space of two months, and that plaintiff should pay all of said charges thereafter.

(g) The defendant was to pay the sum of $200 as, and for, the cost of renewing the roof upon said homestead premises, said sum to be payable one-half in 30 days and one-half in 60 days. The defendant was ordered to execute and deliver to plaintiff proper deeds and other instruments conveying to her title to the property and interests awarded to her, and that in default thereof the decree should stand as such instrument. Plaintiff was to have a lien upon defendant's interest in the aforesaid homestead premises to secure to her the performance by him of each and every part of the decree.

In June, 1918, plaintiff filed a petition for the modification of this decree, setting forth certain changes both in her own condition and that of her children; also that defendant had inherited property since the date of the final decree of the value of from $8,000

to $10,000. To be more specific, it should be stated that the petition represented that the homestead premises consists of a lot 35 feet wide by 104 feet long upon which there is a frame dwelling of one and one-half stories, which was then about 30 years old and was in a state of extreme dilapidation and lack of repair, although it was alleged that petitioner had herself spent all of the money she could possibly spare in keeping the same in repair, besides herself doing a great deal of personal work upon the house in the way of painting, papering, etc. It was further alleged that the premises were constantly becoming more dilapidated and expensive to maintain, and furnishing less and less of the protection to petitioner which said decree intended her to have.

As to the condition of the children the following appears in the petition:

"(3) While the children mentioned in said decree belonging to the parties were not in strong or robust health at the time said decree was rendered, the physical and mental condition of certain of them has steadily grown worse since the custody of same was awarded your petitioner.

"As your petitioner is informed, and believes, certain hereditary constitutional tendencies, for which your petitioner is not to blame, have caused said children to be afflicted in various ways. Since the rendition of said decree one of the children of the parties hereto has been adjudged insane, and is now confined in the Michigan State hospital at Pontiac, Michigan. The ill-health and crippled condition of Francis, another of the children of the parties, has continued, although he is now able to earn a certain amount of wages. Marion, another of said children, has for some time last past been insane and physically ill as well. In the effort to keep her physically well, and preserve her reason, your petitioner has been compelled to incur large and unexpected expense for physicians and medical attendance and medicines, and has been compelled to devote much of her own time and nervous

force to her care. And your petitioner has been informed by the physician in attendance upon said daughter, that while they hope for her restoration, nevertheless her illness will probably be long, tedious and expensive.

"(4) Since said decree was signed and filed, the cost of living has very nearly trebled, and it is now impossible for your petitioner, even with such help as has been heretofore given her by her sons, Verne and Francis, to longer maintain herself and said children comfortably unless the relief herein prayed for is awarded her.

"(5) Her son, Verne Engelman, has recently been drafted, and has been examined and accepted for membership in the United States army, and is liable at any time to be ordered from home, and thereby your petitioner will be entirely deprived of his contributions.

"(6) The nervous and physical force and strength of your petitioner is gradually wearing out under the continued strain of the illness of their children hereinbefore referred to, and unless some relief is afforded her she has been warned by her physician that her health will be broken down entirely, and said children will lose her care.

"(7) Since the rendition of said decree, defendant, by the death of his mother, has come into possession of a large amount of property, which your petitioner is informed and believes, aggregates ten thousand dollars ($10,000) and is in better position to care for his said children than he was at the time said decree was rendered.

"(8) It would be for the best interest of all concerned if said homestead should be sold, and the proceeds applied under the direction of this honorable court for the support and maintenance of your petitioner and the minor children of the parties hereto.

"Therefore, your petitioner prays that the decree heretofore made and entered in the above entitled cause be modified in the following particulars:

"(a) To provide for the sale of said homestead, and the proper application of the proceeds thereof be to increase the amount of monthly alimony to be paid said petitioner, in accordance with the change in existing conditions."

To this petition answer was filed. Modification of the decree was opposed by defendant. After an extended hearing upon testimony in open court the decree was modified, the court finding that since the rendition of the decree the defendant had acquired certain property by inheritance worth $8,000 or thereabouts, from which he was deriving at the time of the hearing $74 per month. That the condition or ill-health of Marion and Gertrude has been greatly aggravated since the rendition of said decree, and that neither the aforesaid property nor said aggravation of ill-health on the part of Marion and Gertrude was in the contemplation of the court when the original decree was entered. That the value of the homestead mentioned in said decree was $4,000 or thereabouts. That the increased cost of living and the changed condition of plaintiff and their daughter, Gertrude, requires that the monthly allowance to plaintiff be $35 per month, and that of the daughter, Gertrude, to be increased from $7.50 to $10 per month. The order concludes as follows:

"That the decree heretofore entered herein be increased so that the allowance to plaintiff for her permanent alimony be increased to $35 per month; and that for the daughter of the parties, Gertrude Engelman, be increased to $10 per month, until she shall have reached the age of fourteen years, or until the further order of the court. That the homestead at 1297 Helen avenue be sold under the direction of this court, or by plaintiff by private sale, subject to confirmation by this court, and that the proceeds thereof be invested under the direction of this court, either in a new home for plaintiff and her children, to be held and operated by her the same as the present premises, 1297 Helen avenue, are now operated, or that the proceeds thereof be invested under the direction of this court and income thereof devoted to the support of plaintiff and said children."

The testimony taken upon the hearing upon the petition was very lengthy and covers more than 130 pages

of the printed record. Much of it was, in our judgment, irrelevant and not pertinent to the question before us, as it related to acrimonious charges of defendant against plaintiff, and the claimed refusal of the plaintiff to permit the defendant to see or visit the children mentioned in the decree, although defendant had made no complaint or application to the court in that regard. The testimony, however, showed an exceptional and most distressing condition as to the health and circumstances of the plaintiff and the minor children. The testimony also showed that one of the older boys, Lindel, has been adjudged insane and is now confined in the Michigan State hospital at Pontiac. This testimony, as well as the testimony relative to the oldest son, Verne, having been drafted into the military service, does not appear to be very pertinent to the issue here. The testimony, however, shows very clearly the failing condition of the health of the plaintiff since the date of the decree, owing to her increased labor in the care and maintenance of the home and the support of the three youngest children, all of whom are in a most deplorable condition. The boy Francis has a crippled arm which interferes seriously with his ability to labor, although the record shows that he has been able to assist the mother in a small degree, the extent of which does not appear. Marion is an epileptic, is insane at times, and her condition has grown gradually worse since the decree. She has since undergone an operation, consisting of the removal of her ovaries, and she is now in St. Joseph's retreat at Dearborn, Michigan, and seems to have been taken there in the fall of 1918. The petitioner is assisting in her support there, paying $20 a month—besides her clothes. The child Gertrude is also a cripple, having been crippled from birth in the arm and shoulder, and she is weak and sickly and has been ailing for the last year.

It may be pertinent to also state in this connection that the salary of the defendant has been increased $10 per month since the date of the decree. From his own testimony it appears that he is receiving $74 a month for the rental of the three houses described by him, which he inherited from his mother; which with the increase of his salary shows that his annual income has been increased about $1,000 since the date of the decree, although it also appears that he has expended in the repair of the inherited houses from $1,800 to $2,000.

It seems to us that it is not material or proper to consider the circumstances or condition of the older children of this family, nor to inquire as to their duty respectively to aid in the support of the mother or younger children. The pertinent and meritorious question is: "Has the petitioner's financial condition changed since the date of the decree to such an extent as to justify the court in modifying that decree?" A careful reading of the evidence satisfies us that there has been such a change in the condition of the petitioner and the two girls (the youngest children) as to warrant and justify the court in modifying the decree. The statute (section 11417, 3 Comp. Laws 1915) provides that after a decree for alimony or other allowance for the wife and children, or either of them, the court may, from time to time, on the petition of either of the parties revise and alter such decree respecting the amount of such alimony or allowance and the payment thereof, and may make any decree respecting any of the said matters which such court might have made in the original suit. Jurisdiction of the court to revise is affirmed in many of our decisions, some of which will be found cited in the note to the section above quoted. See, also, *Skinner* v. *Skinner*, 205 Mich. 243.

That the plaintiff is, financially, in a much worse

condition than she was when the decree was granted, by reason of failing health on her part, of the increased expense attending the late illness of the girls, of the increasing dilapidation of the homestead and cost of keeping it in repair, and the increased taxes and cost of living, cannot be questioned, we think, in the light of this record. While the plaintiff's condition has been growing worse from year to year, the financial condition of the defendant has materially improved, and his income increased. We believe the sale of the homestead, as ordered by the court below, and the investment of the proceeds as therein directed is a wise measure. The increase of amount to be paid plaintiff is $15 per month, aggregating $60 per month. It is difficult to see how, with her own efforts, she will be able to live and care for the younger children upon any less sum.

The decree and order of the court below will stand affirmed, with the costs of this court to the plaintiff to be taxed.

STEERE, C. J., and MOORE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.

The late Justice BROOKE took no part in this decision.