### COYLE v. COYLE.

1. DIVORCE—MOTHER ENTITLED TO CUSTODY OF MINOR CHILDREN.
   In case of the separation of husband and wife having minor children, the mother, if she be a suitable person, is entitled, under 3 Comp. Laws 1915, § 11484, to the custody of such children.

2. SAME—DECREE AS TO CUSTODY OF MINOR MAY BE MODIFIED.
    Although a contract as to the custody of a five-year old
    daughter between a husband and wife pending divorce
    proceedings was recognized by the decree, it must later
    give way if the best interests of the child demand it.

3. SAME—CHANGED CONDITIONS WARRANT MODIFICATION OF DECREE
AS TO CUSTODY OF MINOR.
    Where the decree of divorce provided that the five-year
    old daughter should remain in the custody of her grand-
    mother for six months of each year and in the custody of
    her father's brother-in-law the other six months, but the
    proofs show that the grandmother has since remarried
    and moved to a distant State, and the mother is now
    happily remarried and so situated that she can give her
    daughter a good home, the decree will be modified, in
    the interest of the daughter, on petition of the mother,
    so as to provide for the child's spending from September
    1st to July 1st each year with the mother, and the re-
    maining two months with the brother-in-law.

Appeal from Calhoun; North (Walter H.), J. Sub-
mitted October 18, 1922. (Docket No. 124.) Decided
December 5, 1922.

Petition by Helen L. Coyle against Irwin D. Coyle
for modification of a decree of divorce. From the
order entered, plaintiff appeals. Modified and af-
firmed.

*Cyrus J. Goodrich* and *Edwin C. Lewis,* for plaintiff.

*Ira A. Beck,* for defendant.

BIRD, J. In January, 1913, plaintiff, a young girl,
19 years of age, was married to defendant in Shanghai,
China, where he was stationed as an officer in the
United States navy. The following five years she
spent much of her time with him in and about
United States naval stations. In July, 1918, plaintiff
filed her bill in the Calhoun circuit court praying for

a decree of divorce on the ground of extreme cruelty. The principal specifications were drunkenness and nonsupport. There was one child, Ann Coyle, 5 years of age, who had been much in the care of her grandmother, Martha B. Warden, on account of the itinerant character of defendant's occupation. Defendant entered his appearance in plaintiff's suit, but filed no answer, and the bill was taken as confessed. The chancellor found the allegations of the bill supported and he granted a decree of divorce to plaintiff on September 9, 1918, and awarded the custody of the child, Ann Coyle, to her grandmother, Mrs. Warden. Prior to defendant's default both parties agreed upon a property settlement, and further that Mrs. Warden should be intrusted with the custody of the child.

Something like a year thereafter, while plaintiff was getting ready to be remarried, it was discovered that she was in error in stating in her bill that she had been a resident of Michigan for two years immediately preceding the filing of her bill. In view of this, she filed a motion in the cause to have the decree vacated, 'and, on October 14, 1919, she filed a second bill setting up the same causes that were set up in the first bill, and additional ones. By this time defendant was out of the jurisdiction of the court and preparations were made to get service by publication. While these preparations were going on the defendant, through his brother-in-law, Mr. Louis H. Hall, of New York, arrived at an understanding with plaintiff, whereby defendant's appearance was entered and both, Mrs. Warden and Mr. Hall, were to be made joint guardians, and the custody of the child to be divided between them; six months to one and the following six months to the other. Included in this arrangement defendant was to pay $100 per month for the care and support of the child. Subsequently, the second decree was granted and the agreement as to

the custody of the child was incorporated into the decree. For a time the arrangement was observed.

Following the granting of the decree plaintiff was remarried to a Mr. Hallock, of Evanston, Illinois, Mrs. Warden, the grandmother, was remarried to Dr. Wright, and went to Douglas, Arizona, to reside. In the fall of 1920 the child was returned to her mother in Evanston. When the six months' period of her custody had expired the child was not returned to the custody of Mr. Hall, but this application was made in the cause under section 11408, 3 Comp. Laws 1915, by the mother, setting up the changed conditions and asking that the decree with reference to the custody of the child be amended so that she would have the custody of the child at least during the school year.

The petition of the plaintiff shows, in substance, that she is happily married to Mr. Hallock; that he is a prosperous business man in Chicago and that they reside at Evanston or at Winnetka; that Mr. Hallock has become quite fond of the child and is willing she should reside with them; that the child is now attending the public school and is happy and being well cared for; that the grandmother is remarried and gone to Arizona to reside.

Upon this petition the court took testimony and made a change in the decree in this: That instead of each being entitled to the custody of the child every alternate six months, the time was lengthened to one year. Plaintiff has appealed from this order.

The proofs show that this young girl is in the public school, two blocks from her home in Winnetka; that the school is an excellent one and is located in a good neighborhood; that she is progressing with her studies and is happy with her playmates and in her home. In view of the showing made of the changed conditions, we are all of the opinion that it is for the best interests of the child to be continued in this

school and with her own mother. We have no doubt that the child would be well cared for and educated while in the custody of Mr. Hall. But when she is in the east she attends private school and has not the care and attention of her own mother. A girl of such tender years should have the care and love of her own mother, and if she is a suitable mother the statute gives her this right. Section 11484, 3 Comp. Laws 1915. And in addition to this, we are impressed that a public school in a good neighborhood is better for the girl's development than a select or private school. These considerations lead us to conclude that the child should remain with her mother during the school year from September 1st to July 1st, and during the months of July and August she can go east and remain in the custody of Mr. Hall during those two months.

Considerable discussion is indulged in in the briefs as to the breach of the agreement as to the girl's custody and as to the grandmother's lack of attention and as to plaintiff's indifference to the welfare of the child in allowing her mother to have the custody of her when she secured her divorce. This discussion is not very important because it does not aid in determining what is for the best interests of the child. It is true, a contract was made by the parents as to the custody of the child, but even this contract, although recognized by the decree, must later give way if the best interests of the child demand it. *Gittings* v. *Gittings*, 197 Mich. 446; *Weiss* v. *Weiss*, 174 Mich. 431.

It could hardly be expected that after the grandmother remarried and moved to a distant State, she would be able to give the child the care and attention that she did while living here. As to the indifference manifested by plaintiff in allowing the custody of her little girl to go to the grandmother rather than to her-

self, it may perhaps be excused in part owing to the fact that just at this time the "divine fire" had reached her heart and she was in that delirious, irresponsible period preceding her marriage to the man to whom she had given her heart.    Her marriage followed. She has a good husband, a fine home and enough of this world's goods to make them all comfortable.    The husband is fond of the little girl and desires her to stay with them.    When this change came the promptings of motherhood reasserted themselves and plaintiff is now ready to do what the natural mother should and wants to do.    As we go along in life changes come to all and we think the changes wrought in this family fully justify the change in the decree.    The decree will be amended by providing that the little girl, Ann, shall remain with her mother from September 1st to July 1st.    During the months of July and August she shall be and remain in the custody of Mr. Louis H. Hall.    In other respects the order made by the chancellor will be affirmed.    No costs will be allowed either party in this court.

FELLOWS, C. J., and McDONALD, SHARPE, and MOORE, JJ., concurred.

WIEST, CLARK, and STEERE, JJ., concurred in the result.