KUTCHAI *v.* KUTCHAI.

1. DIVORCE—JURISDICTION IS STATUTORY.

Jurisdiction of the circuit courts in chancery in divorce proceedings is entirely statutory.[1]

2. SAME—DECREE DIVIDING PROPERTY IS FINAL.

As regards the absolute divorce itself, the division of the property between the parties, and the property which the husband is permitted to retain and as to which dower and all claims of the wife are barred, the decree is not subject to be modified or altered, but is as final as other decrees.[2]

3. SAME — DECREE REGARDING ALIMONY AND ALLOWANCE FOR CHILDREN SUBJECT TO MODIFICATION.

As regards the care, custody, and maintenance of children, the decree is subject to modification (3 Comp. Laws 1915, § 11408), and also as regards alimony or other allowance for the wife and children (section 11417).[3]

4. SAME — ALIMONY — ALLOWANCE FOR CHILDREN TREATED AS ALIMONY.

Although alimony, properly speaking, is a periodical allowance for the wife's support, where she has separated from her husband, and, accordingly, the allowance to the wife should be a sum of money to be paid from time to time, yet in Michigan, by statute, an allowance for children as well as for the wife often is and must be treated as alimony.[4]

5. SAME—COURT MAY NOT MODIFY DECREE FIXING PROPERTY IN HUSBAND FREED FROM DOWER RIGHTS.

Although, by statute (3 Comp. Laws 1915, § 11417), the court is authorized to modify a decree for alimony or other allowance for the wife and children, or either of them, it has no power to take from the husband property fixed in him by the original decree and freed from all right of dower or other claims of the wife or to take from the purchaser of the husband's interest or estate the right of use.[5]

[1]Divorce, 19 C. J. § 32; [2]Id., 19 C. J. § 785; [3]Id., 19 C. J. §§ 617, 809; [4]Id., 19 C. J. § 607; [5]Id., 19 C. J. § 617.

Power to amend decree of divorce by adding a provision for alimony or support of children where no provision was contained in original decree, see note in L. R. A. 1917D, 319.

Power to modify alimony awarded by a decree of absolute divorce in the absence of reservation by decree or statute, see note in L. R. A. 1917F, 729.

6. Same—Property Awarded Husband is His Absolutely Unless Subject to Lien for Alimony.

    Subject to any lien for alimony or allowance which may be decreed thereon, the statute intends that the property or estate remaining in the husband after the decree shall be his absolutely.[6]

7. Same—Allowance of Modification Respecting Alimony Must be Provided for in Decree—Lump Sum Allowance Not Subject to Modification.

    To permit modification respecting alimony payable in installments, allowance thereof must be in the original decree, but where a gross or lump sum in money or property is awarded as alimony, the power of the court is at an end and there is no power to modify it later.[7]

8. Same—Alimony—Lien Must be Provided for in Decree.

    If the amount of alimony or allowance ordered to be paid is to be a lien on the husband's property, the original decree must so provide.[8]

Appeal from Wayne; Hunt (Ormond F.), J. Submitted January 22, 1926. (Docket No. 116.) Decided March 20, 1926.

Petition by Eva Kutchai against Marcus Kutchai and Esidore Kowalsky for modification of a decree of divorce respecting alimony and to set aside a deed to defendant Kowalsky. From a decree for plaintiff, defendant Kowalsky appeals. Modified and affirmed.

*Umlor & Hyde,* for plaintiff.

*Shapero & Shapero* and *Paul J. Wieselberg,* for appellant.

Clark, J. In 1921, in the Wayne circuit, Eva Kutchai filed bill for divorce against Marcus Kutchai. In August, 1922, decree was entered granting absolute divorce, awarding custody of minor children to plaintiff, and disposing of the real estate as follows:

[6]Divorce, 19 C. J. § 610; [7]Id., 19 C. J. § 617; [8]Id., 19 C. J. § 725.

"And it is further ordered, adjudged and decreed that the property known and described as (description) : together with all the appurtenances thereon erected and thereunto belonging, shall belong to the plaintiff, Eva Kutchai, and the defendant, Marcus Kutchai, as tenants in common; and it is hereby further

"Ordered, adjudged and decreed, that the defendant, Marcus Kutchai, shall convey to the said plaintiff, Eva Kutchai, an undivided one-half ($\frac{1}{2}$) interest in the said premises and that the said conveyance shall be in lieu of any and all dower rights that the plaintiff may have in any property that the defendant owns or may hereafter own or be possessed of.

"It is further ordered, adjudged and decreed that the defendant shall be entitled to the possession of the premises hereinbefore mentioned until the youngest child reaches the age of sixteen (16) years, at which time, it is ordered, the plaintiff shall be entitled to the equal possession of said premises."

The decree also awarded alimony and allowance to be paid by defendant to plaintiff for the support of herself and minor children, which award was modified in December, 1922, so that thereafter defendant was required to pay in the sum of $50 per month and in the further sum of $25 per week. The court did not direct that the amount of the alimony and allowance should constitute a lien on the defendant's property or any of it, as it might have done (3 Comp. Laws 1915, § 11416).

In June, 1925, plaintiff filed, in the cause, a petition praying that the decree be amended by making the amount of alimony a lien upon the real estate and by securing plaintiff in possession of all such real estate. The petition also sought to bring in one Kowalsky, to whom defendant had, in the meantime, sold and conveyed for value all his interest in such real estate, and to have such conveyance set aside as a fraud upon plaintiff. And plaintiff, having taken possession, peaceably, she says, prayed that Kowalsky be re-

strained from disturbing her said possession. A restraining order was issued. Kowalsky answered, prayed affirmative relief and defended. The trial judge, having the opinion that the court had power to modify the decree as to the division of the real estate, the property and estate left in the husband, and that Kowalsky's purchasing had not deprived the court of that power, Kowalsky in purchasing being charged with notice thereof, ordered the following amendment of the original decree:

"That the plaintiff Eva Kutchai shall have   *   *   * the full use and occupancy of said premises as a home for herself and her said minor children until the youngest living child shall have attained the age of sixteen years."

And further decreed:

"That an injunction issue in this cause permanently restraining and enjoining the said Esidore Kowalsky and any person or persons claiming through or under him from taking any action to secure possession of said premises or evicting the said plaintiff, Eva Kutchai, therefrom."

The provision relative to alimony and allowance was also modified. The decree was enrolled. Kowalsky has appealed.

The question is on the power of the court so to modify the original decree, and, as presented, requires that some of the usual features of these decrees be distinguished. Jurisdiction of the circuit courts in chancery in divorce proceedings is entirely statutory. *Heck* v. *Bailey,* 204 Mich. 54. Of the power of the court to modify its decree relative to division of property in a divorce case, it is said in 19 C. J. p. 339:

"Ordinarily a judgment providing for a division of real and personal property between the parties is final, and cannot be modified by the trial court after the term at which it is rendered."

See, also, 9 R. C. L. p. 461; L. R. A. 1917F, 729, note; L. R. A. 1917D, 325, note; *Mayer* v. *Mayer,* 154 Mich. 386 (19 L. R. A. [N. S.] 245, 129 Am. St. Rep. 477); *Moross* v. *Moross,* 129 Mich. 27; *Jordan* v. *Jordan,* 53 Mich. 550; *Reynolds* v. *Reynolds,* 115 Mich. 378; *Cole* v. *Cole,* 144 Mich. 346; *Gittings* v. *Gittings,* 197 Mich. 446.

As regards the absolute divorce itself, the division of the property between the parties, and the property which the husband is permitted to retain and as to which dower and all claims of the wife are barred, the decree is not subject to be modified or altered. It is final, at least as final as other decrees. Sections 11436, 11416, 3 Comp. Laws 1915; *Cadotte* v. *Cadotte,* 120 Mich. 667; *Gundick* v. *Gundick,* 208 Mich. 34.

Of course, this rule as to modification is otherwise as to the care, custody, and maintenance of children (3 Comp. Laws 1915, § 11408), and as to alimony or other allowance for the wife and children (3 Comp. Laws 1915, § 11417).

Alimony is defined in 2 Schouler on Marriage, Divorce, and Separation (6th Ed.), § 1749:

"Alimony may be defined as the allowance which a husband, by order of the matrimonial court having due jurisdiction, must pay to his wife living separate from him for her maintenance."

And in 19 C. J. p. 260:

"Alimony, properly speaking, is a periodical allowance for the wife's support, where she has separated from her husband, and, accordingly, the allowance to the wife should be a sum of money to be paid from time to time."

In this State by statute an allowance for children as well as for the wife often is and must be treated as alimony. *Brown* v. *Brown,* 135 Mich. 141; *Welles* v. *Brown,* 226 Mich. 657; *Van Dommelen* v. *Van Dommelen,* 218 Mich. 149.

Generally, it is said of the power to modify an allowance of alimony, in 19 C. J. p. 269:

"Except in the case of fraud or mistake or where the decree is continuing, as where the rights of children are involved, or where the court has reserved jurisdiction in the decree, in the absence of express or implied statutory authority to the contrary, by the weight of authority an allowance of alimony on the granting of a divorce from the bonds of matrimony is absolute, and cannot be altered after the expiration of the term or the time in which a new trial may be had or an appeal may be perfected."

And in 2 Schouler on Marriage, Divorce and Separation (6th Ed.), § 1828:

"The court may in its decree reserve the right to alter the payments as justice may require, or the court may by statute be given the right to alter the payments at any time, but except for reservation in the decree or express statutory authority the court has no power to alter its decree."

By statute the court is authorized to modify a decree for alimony or other allowance for the wife and children, or either of them (3 Comp. Laws 1915, § 11417). The modification complained of chiefly in the case at bar was not of an allowance of alimony, but of a division of property made by the original decree. It seeks to take from the husband property fixed in him by the original decree and freed from all right of dower or other claims of the wife, and to take from the purchaser of the interest or estate of the husband the right of use. This the court had no power to do.

The statute, said section 11436, makes it the duty of the court in granting a decree of divorce to

"include in it a provision in lieu of the dower of the wife in the property of the husband, and such provision shall be in full satisfaction of all claims that the wife may have in any property which the husband

owns or may thereafter own, or in which he may have any interest."

Subject to any lien for alimony or allowance which may be decreed thereon, the statute intends that the property or estate remaining in the husband after the decree shall be his absolutely.   If, under the statute, there is power in the court to modify, at any time, a decree in this regard, then all persons are chargeable with notice thereof, and what title after decree may the husband convey; what title, indeed, even if the wife (there being minor children), joined in the conveyance, but that is not the rule.

The court may make, between the parties in the original decree, an equitable division of the property. The statute contemplates that if alimony in installments is to be paid thereafter, it shall be paid in cash, or the equivalent.   To permit modification respecting alimony, allowance thereof must be in the original decree.   *Moross* v. *Moross, supra; Jordan* v. *Jordan, supra.*   If the amount of alimony or allowance so ordered is to be a lien on the husband's property, the original decree must so provide.   *Reynolds* v. *Reynolds, supra.*   The means of enforcing payment of alimony is ample.   *Bowman* v. *Wayne Circuit Judge,* 214 Mich. 518.   Where a gross or lump sum in money or in property is awarded as alimony to the wife, the power of the court is at an end and there then is no power to modify it later.   19 C. J. p. 272; 2 Schouler on Marriage, Divorce and Separation (6th Ed.), § 1830; Puterbaugh's Michigan Chancery (3d Ed.), p. 525.

As to decree placing property in trust for benefit of wife and children and modification in regard thereto, see section 11417, *supra.*

To support what was here attempted the trial judge cites *Engelman* v. *Engelman,* 213 Mich. 86.   The opinion on its face sustains his position.   There,

several years after original decree, a petition was filed for modification respecting alimony. The decree had fixed title to real estate, two-fifths in the wife, three-fifths in the husband. On such petition, the real estate was ordered sold and the proceeds invested. Of which modification, it was here said:

"We believe the sale of the homestead, as ordered by the court below, and the investment of the proceeds as therein directed is a wise measure."

An examination of the record and briefs in that case discloses that the question before the court as to such modification was whether it was in fact wise and expedient. The court decided that question. The power of the court to make such modification was not challenged, and no point made in that regard. So the case is not controlling on the question here presented.

The quoted provisions of decree affecting Kowalsky's property are set aside, and he may have decree for possession.

So modified, the decree is affirmed. No costs.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred. SNOW, J., did not sit.