ROTZELL v. ROTZELL.

1. DIVORCE — PROCEEDINGS STATUTORY — DECREE FIXING ALIMONY AND PROPERTY RIGHTS NOT AMENDABLE.

Divorce proceedings being statutory, a final decree fixing alimony and property rights may not be altered or amended, where neither section 11408, nor section 11417, 3 Comp. Laws 1915, are involved.

2. SAME—DECREE FIXING PROPERTY RIGHTS MAY BE ENFORCED BUT NOT AMENDED.

Where a decree in divorce proceedings settled property rights, awarded an interest in a land contract to the wife, and clearly contemplated a transfer of the husband's interest in the land conveyed, but he complied therewith only by executing an assignment of his interest as vendor, leaving the record title in him, enforcement of said decree may be had by providing for execution of quitclaim deed by him, rather than by amendment of the original decree, as decreed in the court below.

Appeal from Kent; Perkins (Willis B.), J.    Submitted October 5, 1927.    (Docket No. 26.)    Decided December 1, 1927.

¹Divorce, 19 C. J. §§ 617 (Anno), 785 (Anno); ²Id., 19 C. J. § 784 (Anno); L. R. A. 1917D, 325; 1 R. C. L. 876, 878; 1 R. C. L. Supp. 275; 4 R. C. L. Supp. 59; 6 R. C. L. Supp. 44.

Bill by William Rotzell against Lillian Rotzell for a divorce: On petition of defendant to enforce a decree or for its amendment. From a decree amending the original decree, plaintiff appeals. Reversed, and decree entered to enforce the original decree.

*Charles G. Turner* and *J. L. Boyd,* for plaintiff.

*Linsey, Shivel & Phelps,* for defendant.

FELLOWS, J.    In this divorce case the parties agreed upon a settlement of their property matters and the decree which was entered on defendant's cross-bill incorporated such agreement by reference.    Certain real estate went to the husband and defendant executed a quitclaim deed of the same to him.    Certain other real estate had been sold on contract and as to this property the agreement contained the following provision:

"That the party of the first part, William Rotzell, shall sign and set over to party of the second part, by proper assignment, all his right, title and interest to a certain land contract now owned by the parties and on which there still remains due and owing to said parties the sum of, to wit: $3,300."

Plaintiff executed an assignment of the contract but it is to be inferred that it was not acknowledged so that it could be recorded.    He did not execute a quitclaim deed.    Nearly three years after the entry of the decree defendant filed a petition setting forth that plaintiff had agreed to execute a quitclaim deed and that she had just learned that he had not done so, and praying that he be requested to comply with the decree covering the property involved, or in the alternative that the decree be amended.    The trial judge made an amended decree, the amendment dealing solely with the provisions as to alimony and its enforcement. From such action plaintiff appeals.

In the recent case of *Kutchai* v. *Kutchai,* 233 Mich.

569, Mr. Justice CLARK fully reviewed the authorities dealing with the power of the court to modify or alter the provisions for alimony, including a division of property. It was there pointed out that divorce proceedings are statutory and that final decrees therein fixing alimony and property rights may not be altered or amended. That case did not, nor does this one, involve section 11408 or section 11417, 3 Comp. Laws 1915. Upon the authority of that case and the cases there cited, it must be held that the making and filing of the amended decree was erroneous.

This leaves before us for disposal defendant's petition and the original decree. In her petition she asked the enforcement of that decree. This she was clearly entitled to. The contract which by reference was made a part of the original decree contemplated that certain real estate should go to plaintiff and certain other real estate go to defendant. Defendant executed a quitclaim deed of the property going to plaintiff. He only assigned his interest as vendor in the contract. This was doubtless good as between the parties, but it left a record title standing in him. We shall not split hairs over the language of the agreement. It clearly contemplated a transfer of plaintiff's interest in the lands. A quitclaim deed would be an appropriate instrument to convey such interest and no good reason appears why it was not long ago executed.

It follows from what has been said that a decree will be here entered setting aside the amended decree, restoring the original decree and providing for its enforcement by the execution of a quitclaim deed or the filing of a certified copy of the decree of this court. No costs will be allowed.

SHARPE, C. J., and BIRD, FLANNIGAN, WIEST, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.