MOROSS *v.* MOROSS.

1. DIVORCE—ALIMONY—SUBSEQUENT ALLOWANCE.

Under 3 Comp. Laws, § 8641, providing that, in a suit for divorce, after a decree for alimony or other allowance for the wife and children, the court may, from time to time, revise and alter such decree, where, on entering a decree of divorce, no alimony is allowed, nor the question thereof reserved in the decree, such allowance cannot afterwards be made.

2. SAME—FRAUD ON COURT.

Where, pending a suit for divorce, defendant voluntarily conveyed his real estate to his father, to put it out of reach of his wife, such action was not such a fraud on the court as would authorize an original bill for alimony 12 years after decree of divorce was entered.

Appeal from Wayne; Hosmer, J. Submitted October 22, 1901. Decided December 3, 1901.

Petition by Louisa Moross against Victor J. Moross for an allowance of alimony. From a decree dismissing the petition, petitioner appeals. Affirmed.

*William E. Walsh* (*George Gartner*, of counsel), for petitioner.

*William B. Jackson* (*Cutcheon, Stellwagen & McKay*, of counsel), for defendant.

LONG, J. It appears that in February, 1889, Louisa Moross filed her bill for divorce against defendant. The

ground alleged was extreme cruelty. There was a child, a girl three years old. The bill alleged that the complainant was destitute, and without means of support; and that "the defendant is seised and possessed of real estate in the city of Detroit to the value of at least, as she is informed and believes, $1,200, and that he has an annual income, as she is informed and believes, from said property, of at least $6 per month." The prayer of the bill was for the custody of the child, and also for permanent alimony. On February 13, 1889, subpœna was served on defendant personally. The underwriting on the subpœna stated, "A personal decree is sought against the defendant," etc. On July 29, 1889, a decree of divorce was granted complainant, which gave her the custody of the minor child. No provision or allowance for alimony was made in the decree. The child died in 1896. From the time of granting the decree until the death of the child she was taken care of and provided for by complainant, no part of the expense being borne by defendant, nor has he since the granting of the decree in any way contributed to the support of the complainant.

In January, 1901, the complainant filed her petition in the same court, alleging that, at the date of filing her bill for divorce, the defendant was the owner of real estate of the value of $1,500, which, on the date of the service of the subpœna upon him, was by him conveyed to his father for the pretended consideration of $1,200; that, when the divorce was granted, complainant believed that such conveyance had been made in good faith, and that by reason thereof her permanent alimony could not be enforced and collected; and that, therefore, the question of her permanent alimony at the time of granting such decree was not considered, but left for further adjudication. It is also alleged in the petition that complainant has but lately learned that the conveyance of defendant to his father was fraudulent, and made for the purpose of defeating and defrauding complainant in obtaining alimony. The petition also sets up the mental and physical condition of complain-

ant, brought about by the cruel treatment of defendant. It also alleges, in substance, that, at the time of the divorce, defendant expected to come into possession of property as one of the heirs of his father, and that lately he has come into possession of considerable wealth by reason of the death of his father, as well as into the possession of the real estate fraudulently conveyed at the time of the service upon him of the subpœna in the divorce case.

The defendant filed an answer to this petition. The proceedings in the divorce case were admitted in evidence. The answer alleges that the conveyance to the father was made in good faith. The other matters alleged in the petition are left by the answer for the complainant to prove, and the statute of limitations is alleged as a bar. The case made by the petition, answer, and replication was brought on for hearing upon proofs taken in open court. The court refused to grant the alimony, and dismissed the petition, for the reason, as stated by him, that:

"I do not think that this case comes within the terms of the statute, and for this reason, and this alone, I am constrained to hold that no power now exists to grant alimony, although I feel from the testimony that this is a case where alimony should be given were it within the power of the court."

Complainant has appealed from this order.

The statute referred to by the court provides:

"After a decree for alimony or other allowance for the wife and children, or either of them, and also after a decree for the appointment of trustees to receive and hold any property for the use of the wife or children, as before provided, the court may, from time to time, on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance, and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any decree respecting any of the said matters which such court might have made in the original suit." 3 Comp. Laws, § 8641.

Had any provision for alimony been incorporated in the

original decree, there can be no doubt that, under this statute, the court would have the power to grant a further allowance now. It is the contention of counsel for complainant that, under the circumstances shown by the proofs, the court has the power to make further allowance, as it is shown that defendant perpetrated a fraud upon the complainant and upon the court. It is also contended that the present petition or bill may be treated as a bill of review, or as an original bill to impeach the decree for the fraud used in obtaining it.

In *Adams* v. *Seibly*, 115 Mich. 402 (73 N. W. 377), it appeared that the court in the original proceedings for the divorce expressly reserved the question of alimony, and in the subsequent proceedings, commenced in 1895, alimony was allowed. The holding of the circuit court was affirmed in this court, but it was expressly stated that the question of alimony had been reserved in the original proceeding. In the present case the original bill contained a prayer for permanent alimony, but no mention of alimony was made in the decree; and we are not prepared to say that, after this lapse of time, the matter can now be opened. If it could, under any circumstances, now be litigated, we think the facts would not warrant it. It is shown in the petition that the defendant was possessed of about $1,500 worth of land, and that, on or about the day the subpœna was served on him, he deeded the same to his father, and that, therefore, the complainant did not press the question of alimony, which is the reason the decree did not provide for alimony; but that she has lately discovered that this deed was given without consideration. We think this is no showing that the transfer was a fraud upon the court. If the complainant had desired a decree for alimony at that time, undoubtedly the court would have considered the fund arising from the sale of the land sufficient to base the decree for alimony upon. Defendant had none the less property to pay alimony with if he had the avails of the sale to his father than he would have had if he had kept the land. The fact that he has come into considerable

property since that time can have no weight in determining the question of the fraud upon the court. We think the court was not in error in holding that, under this statute, he had no power to grant alimony. From the same consideration it must follow that the bill cannot be treated as a bill for review and further relief granted thereunder.

Counsel for petitioner, however, relying upon the rule laid down in Adams, Eq. (4th Am. Ed.) p. 833, contend that this bill or petition may be treated as an original bill, and the relief granted. Were we able to find in the case any facts or circumstances showing a fraud upon the court, or fraud used in obtaining the decree, we might feel like treating this as an original bill, and allow the question of alimony to be determined, even after this lapse of time. That question will not, however, be determined here, as we are well satisfied that such fraud is not shown. In any view of the case, we think the court was not in error in his conclusions.

The order below must be affirmed.

The other Justices concurred.