(No. 14080.—Decree affirmed.)

CHARLES E. DOOSE, Appellant, *vs.* ADELA E. DOOSE *et al.* Appellees.

*Opinion filed October 22, 1921—Rehearing denied Dec. 14, 1921.*

1. DIVORCE—*section 8 of Divorce act does not apply where cause is heard on bill and cross-bill—collateral attack.* Section 8 of the Divorce act, concerning the proof required when a bill is confessed or heard on default, does not apply where the issues are made up by answers to the original bill and a cross-bill, even though the complainant makes no defense to the cross-bill, and a decree which recites that the parties were present and evidence was heard, and which finds the facts and grants a divorce against the complainant, is binding until reversed and is not subject to collateral attack as being based on the evidence of only one witness.

2. CONTRACTS—*when a contract may be avoided for duress by threats.* Duress by threats constitutes good cause for avoiding a contract, and it is sufficient to constitute duress that the party seeking to avoid the contract has been prevented from exercising his free will by threats of bodily harm made by the other party of such a character as in view of the surrounding circumstances were sufficient to overcome his mind and that the contract was obtained by reason of such threats.

3. SAME—*whether contract was obtained by threats is a question of fact—allegations.* Whether or not a contract has been obtained by threats of bodily harm is a question of fact, and in a suit to avoid such a contract the allegations must be sufficiently positive and direct and the circumstances averred such as to make it appear that the contract in question was the result of fear occasioned by the threats complained of.

4. FRAUD—*allegation of conspiracy, collusion and fraud must show facts.* An allegation of conspiracy, collusion and fraud must show the facts on which it is based, as the words themselves, unsupported by facts, are mere vituperation.

5. DEEDS—*when complainant is not entitled to have a deed set aside for duress.* A complainant is not entitled to have a deed to his wife set aside on the ground that the grantee, who had just obtained a decree for divorce against him, had threatened him with bodily harm, where the allegations of the bill show that the deed was executed on the advice of the complainant's solicitor and fail to set out any facts in support of the charge of conspiracy, collusion and fraud on the part of the solicitors for both parties.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

JAMES BOOTH McCLANE, for appellant.

CHURCH, SHEPARD & LYNDE, (HOWARD W. LEWIS, and CORNELIUS LYNDE, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal by the complainant from a decree of the circuit court of Cook county sustaining a demurrer to his amended bill and dismissing it for want of equity.

The amended bill alleged that on January 29, 1914, the complainant, Charles E. Doose, filed his bill in the superior court of Cook county against the defendant Adela E. Doose, praying for a divorce; that on the 20th of March she answered the bill and on April 8 filed a cross-bill charging the complainant with cruelty, and on April 15 a decree was entered granting a divorce to her on her cross-bill; that on January 29, 1914, and prior thereto, the complainant was the owner of certain real estate in the village of Wilmette, which on April 4, 1914, he, together with Adela E. Doose, conveyed by quit-claim deed to the defendant the State Bank of Chicago, and on April 16 the grantee by special warranty deed conveyed the same premises to Adela E. Doose, and the respective deeds were filed for record; that on April 4, and for a long time prior thereto, the complainant was suffering from ill-health, was under the care of physicians and was so greatly depressed in mind in consequence of his ill-health and physical suffering that he was not in control of his faculties; that Adela E. Doose, knowing him to be in ill-health and mentally depressed and not understanding the legal effect of his acts, frequently made threats to inflict bodily injury upon him and to kill him in case he failed to convey to her the property mentioned; that said deed was finally executed

because of the complainant's fear that she, being a woman of violent and vicious temperament, would execute her threats and would inflict bodily injury upon him and would kill him, and the complainant acted in the matter of executing said deed under the influence of said threats and the pretended advice of his solicitor; that on April 15 the court entered a decree in the cause; that during the hearing and at the entry of the decree the complainant was not present but was advised by his solicitor to remain away, and in consequence thereof no defense was interposed by him and a decree was entered granting a divorce to Adela E. Doose; that the decree so entered was based upon the testimony of but one witness, in violation of the statute, and does not find the specific facts constituting extreme and repeated cruelty but finds and recites only conclusions of law, and in consequence thereof is null and void; that after January 29, and before April 4, 1914, the solicitor acting for the complainant in said cause told the complainant that he would be obliged in any event to convey his property to Adela E. Doose, and that if he failed or refused to do so he would be required by a decree of the court to execute a deed of conveyance of said premises, and relying upon that advice the complainant executed and delivered the quit-claim deed, which was without consideration; that the complainant did not receive anything of value and the sole consideration for the execution of the deed was the statement made by his solicitor, and in consequence thereof the quit-claim deed is null and void; that the complainant was never guilty of cruelty toward Adela E. Doose, and the filing of the cross-bill alleging him to have been guilty of extreme and repeated cruelty was pursuant to an agreement and conspiracy between the attorneys purporting to represent the complainant and the solicitor representing Adela E. Doose, for the express purpose of procuring the entry of a decree granting a divorce to her and divesting the interest of the complainant in his

property and placing the title in Adela E. Doose, and the filing of the cross-bill and the entry of the decree were the culmination of a collusive and fraudulent agreement between said parties to deprive the complainant of his property; that the decree was consented to by the attorneys representing Adela E. Doose and those pretending to represent the complainant and was entered pursuant to such consent, and in consequence thereof such decree is null and void. The bill prayed that the two deeds mentioned be set aside and the defendants decreed to convey all interest acquired under them to complainant, and for further relief.

The bill does not pray specifically that the decree of divorce be set aside, and the appellant's counsel states that he seeks particularly to draw in question the validity of the quit-claim deed. The two points which he argues for a reversal are, that the decree was entered contrary to the provisions of the statute, which requires at least two witnesses, and that the deed is void because of duress.

The statute referred to is section 8 of the Divorce act, which provides that "if the bill is taken as confessed, the court shall proceed to hear the cause by examination of witnesses in open court, and in no case of default shall the court grant a divorce, unless the judge is satisfied that all proper means have been taken to notify the defendant of the pendency of the suit, and that the cause of divorce has been fully proven by reliable witnesses." The appellees argue that this statute has no application to the present case, which is a collateral attack upon the decree of divorce rendered by the superior court. A copy of the decree of divorce is attached as an exhibit to the bill, and recites that the "parties have agreed in open court to an immediate hearing of the cause, and the parties appearing in court for that purpose, and the said Charles E. Doose not presenting any evidence in support of his bill of complaint, and the court having heard the testimony taken in open court in support of the cross-bill of Adela Doose,"

finds the facts to be as alleged in her cross-bill. The cause was not heard on default. The issues were made by the filing of answers to the original bill and the cross-bill. The decree recites that the parties were present, evidence was heard, and finds the facts. The court had jurisdiction of the subject matter and the parties, and if the evidence or the findings of fact were insufficient, the only method of review was by appeal or writ of error. In this collateral attack the decree is conclusive.

The decree finds that the parties have agreed to a division of property as a settlement of the rights that each has in the property of the other, and it is decreed that each of the parties be freed from all dower or homestead in any real estate owned by the other. It is argued that no issue as to property rights was directly presented to the court and that the property rights of the parties were not considered by the court, and the decree therefore cannot be construed as an adjudication of such rights, but the validity of the deed must be determined on the principle governing contracts of parties.

Duress by threats constitutes good cause for avoiding the validity of a contract, and it is sufficient to constitute duress that the party seeking to avoid the contract has been prevented from exercising his free will by threats of bodily harm made by the other party, of such a character as in view of the surrounding circumstances were sufficient to overcome his mind, and the contract was obtained by reason of such threats. Whether a contract has been so obtained or not is a question of fact. The allegation must be sufficiently positive and direct and the circumstances averred such as to make it appear that the contract in question was the result of fear occasioned by the threats complained of. The allegation of the bill is that at the time of the execution of the deed the complainant had been for a long time in ill-health, under the care of physicians, to such an extent that he was not in control of

his faculties, and that his wife, with whom he was not living, frequently made threats to inflict bodily injury upon him and to kill him in case he refused to convey to her the property. When and where the threats were made or how they were conveyed to the appellant does not appear. It does appear that he feared that his wife would carry her threats into execution, but that fear was not sufficient to cause him to execute the deed. The allegation is further made that he had before that time been advised by his attorney that he would be obliged to convey the property to his wife and if he failed to do so would be required to do so by a decree of court. While the bill alleges that the complainant acted in the matter of the execution of the deed under the influence of the threats it also alleges that he acted on the advice of his solicitor, and in another place avers that the sole consideration for the execution of the deed was the statement made by his solicitor. While it is charged that the solicitor for the complainant entered into an agreement and conspiracy with the solicitors for the defendant, and that the decree is a culmination of a collusive and fraudulent agreement between them to deprive the complainant of his property, no facts are alleged on which to base the charge. An allegation of conspiracy, collusion and fraud must show the facts upon which it is based. The words themselves, unsupported by facts, are mere vituperation. So far as any facts are alleged in the bill, the advice of the solicitor for the complainant in regard to his action concerning the property was not improper and was a sufficient reason for the execution of the deed by the complainant without reference to any threats made by his wife.

The amended bill fails to show any sufficient grounds for the relief prayed for and the demurrer to it was properly sustained.

The decree will be affirmed.     *Decree affirmed.*