## Bruce D. Smith, Plaintiff in Error, v. Pauline M. Johnson et al., Defendants in Error.

### Gen. No. 29,461.

**1.** DIVORCE—*nature of jurisdiction of equity in divorce suit.* The court in a divorce suit is not acting under its general equity jurisdiction but is limited to what is germane to that kind of a proceeding under the divorce statute.

**2.** DIVORCE—*right to relief in divorce suit from independent support agreement not incorporated in decree.* Relief cannot be granted under a petition in a divorce suit from the operation of an independent trust agreement making provision for the support of petitioner's divorced wife and the children of the marriage where such agreement was not made a part of the divorce decree, which merely recognized that all question of the payment of alimony had been settled between the parties.

**3.** DIVORCE—*statutory power to modify alimony decree is applicable to independent agreement to support wife and children.* Section 18 of the Divorce Act, Cahill's St. ch. 40, ¶ 19, authorizing the court to make such alteration of the allowance of alimony as shall appear reasonable and proper, has no application where the decree made no allowance but merely recognized that the question of support had been settled by agreement between the parties.

**4.** DIVORCE—*where court without power to modify independent agreement for support of wife and children.* Where a petition filed in a divorce proceeding seeking relief from a trust agreement made between the parties for support of the children and the divorced wife independently of the divorce decree does not seek to change the status of the children but asks only that provision be made for them if the trust agreement is declared void or modified, the jurisdiction of the court over the custody of the children does not give it jurisdiction in the matter of the trust agreement.

Error by plaintiff to the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding. Heard in the second division of this court for the first district at the April term, 1924. Affirmed. Opinion filed April 3, 1925. Rehearing denied April 18, 1925.

SIMS, WELCH, GODMAN & STRANSKY, for plaintiff in error; FRANKLIN J. STRANSKY, of counsel.

SCOTT, BANCROFT, MARTIN & MACLEISH and WILSON, MCILVAINE, HALE & TEMPLETON, for defendants in error; FRANK H. SCOTT, JOHN E. MACLEISH, WILLIAM B. MCILVAINE and CRANSTON C. SPRAY, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal from an order dismissing for want of jurisdiction a petition filed by Bruce D. Smith in a divorce suit brought against him by his wife, Pauline M. Smith, now Pauline M. Johnson, in which a decree was entered June 3, 1920, dissolving the marriage and giving the future custody, care and control of three minor children to the complainant, and reserving jurisdiction of the parties and of the subject matter for the purpose of determining and fixing the sum or amount of alimony for the support of the complainant and said children.

On the following day the court entered a supplemental decree in the case, which reads as follows:

"It appearing to the court, that full provision has been made out of court by the defendant to the complainant for the support of herself and her said children, and all question of the payment of alimony by the defendant to complainant has been fully settled by and between the parties hereto, and the court being fully advised in the premises.

"It is therefore ordered, adjudged and decreed that all alimony to be paid by the defendant to the complainant for the support of herself and the said children has been fully paid and satisfied, and that the said final decree entered herein on the 3d day of June, 1920, in so far as the same reserved subject to the further order of this court the sum or amount of alimony to be paid by the defendant to the complainant for the support of herself and the said children, be and the same hereby is fully satisfied and discharged."

On April 20, 1922, plaintiff in error filed a so-called

supplemental petition and cross-bill naming as cross
defendants his former wife, their three minor children,
and his three brothers and himself, individually and
as trustees under a trust agreement entered into June
3, 1920, between plaintiff in error and his said three
brothers and himself as trustees.

On motion of the three brothers, individually and
as trustees, and on a like motion of Pauline M. John-
son, to strike from the files the supplemental petition
and cross-bill on the ground that the court was with-
out jurisdiction to entertain and pass upon the mat-
ters set out in said supplemental petition and cross-
bill or to grant any part of the relief prayed for
therein, and that the same was filed without leave of
court first had and obtained, the same was ordered
stricken from the files upon the court's finding that
it had "no jurisdiction in this case" to consider and
pass upon the matters set out in the pleading or to
grant any of the relief prayed for therein.

A copy of the agreement was attached to and made
a part of the petition. By its terms Bruce D. Smith
conveys in trust to himself and three brothers as
trustees certain described personal property and real
estate (to which Pauline M. Smith releases her dower
and homestead rights) and from the income thereof
the trustees are to make, subject to certain contin-
gencies, annual payments of $15,000 to said Pauline
M. Smith for her benefit and the support and educa-
tion of the children, and certain other payments to
Bruce D. Smith.

The petition avers that said agreement was exe-
cuted June 3, 1920, without any consideration moving
to petitioner but solely as the result of a con-
spiracy between Pauline M. Smith and his said broth-
ers to deprive him of the domination and control of
his property and to secure said control to said brothers
under the guise and pretense of a provision for the
support and maintenance of said Pauline M. Smith

and said children, and as a result of threats and co-
ercion. After setting forth the proceedings had in
the divorce suit as aforesaid, it avers that if said
agreement had any validity whatever it is solely as
a provision for the support and maintenance of the
said Pauline M. Smith and the said children, in lieu
of alimony, and constituted a part of said decree of
divorce, and is subject to modification by the court
from time to time as circumstances and equity may
require in view of the altered situation of the par-
ties to said decree as thereinafter set forth, and by
virtue of the statute, to wit, section 18 of the Divorce
Act [Cahill's St. ch. 40, ¶ 19]. But the petition pro-
ceeds to aver that said agreement was, and is, il-
legal and void *ab initio* because its execution was
procured by such conspiracy and because certain of
its provisions are alleged to be illegal, unconscion-
able and void.

As other grounds for relief it avers that by rea-
son of the subsequent marriage of Pauline M. Smith
to one Johnson, petitioner's liability for her support
and maintenance has ceased, and that the trustees
have improperly and improvidently managed the estate
to the injury of the petitioner and that the income
therefrom has been impaired and diminished so that
it does not exceed the sum required to be paid to
Pauline M. Johnson as aforesaid, and that petitioner
depends upon said estate for the sole support and
maintenance of himself and wife.

A fuller statement of the averments, on which
purely equitable relief is sought, is not necessary.
In short, the petition seeks to have the agreement
set aside on the ground of fraud and coercion, or, in
the alternative, if it be deemed valid, to have it modi-
fied under the power of the court given by section 18
of the Divorce Act.

The specific relief prayed for is that said agree-
ment be set aside as null and void or modified so as

to terminate further interest of Pauline M. Johnson in said estate and income, that an account be taken between the petitioner and his brothers as such trustees, that they be required to pay any sums improperly expended from the estate with interest, that if the instrument is to be perpetuated by decree of the court that said brothers be removed as trustees and new trustees appointed, that a receiver be appointed and said trustees restrained and enjoined from investing, etc., any of the principal or income of said trust estate and conveying any portion thereof to said Pauline M. Johnson, and for such other and further relief as equity may require.

As the petition was dismissed for want of jurisdiction, we think the sole question for our consideration is whether the order was properly based on that ground.

While it is urged that express jurisdiction over the subject-matter of the petition is given by section 18 of the Divorce Act, it is also contended that in any event the petition may be regarded and treated as an original bill in the nature of a supplemental bill. We think it is a sufficient answer to the latter contention that whatever might be the merits of the pleading if filed as an original bill in an independent suit in equity, it was nevertheless filed not as such but in a divorce proceeding in which the power of the court is limited to what is germane to that kind of an action. The court in a divorce case is not acting under its general equity jurisdiction. Discussing this subject in *Thomas v. Thomas*, 250 Ill. 354, it was said: ''In England matrimonial causes were never under the jurisdiction of courts of equity, and in this country the jurisdiction is conferred by statute, which prescribes and limits the power of the court.'' (p. 360.) In that case after the wife dismissed her bill for divorce the court proceeded to hear the cause on the husband's cross-bill asking for the custody of the

children, which was awarded to him. The argument in favor of such jurisdiction was based on the broad jurisdiction of courts of equity over the persons of infants. But it was held that the court had no jurisdiction to award the custody of the children on the cross-bill as it could not have been maintained by any provision of the Divorce Act. The manifest distinction is there recognized between a case where the court exercises its general equity jurisdiction in a purely chancery proceeding and one where it exercises such jurisdiction under the limitation of a statutory proceeding like a divorce suit. Citation of cases in support of this doctrine is unnecessary.

We think it manifest that the petition in this case invokes powers of a court of equity which can be exercised only in a purely equitable proceeding. It seeks to set aside a trust agreement for fraud, or, if the court holds it valid, to modify the same. Whatever might be done in a proper proceeding in equity to grant the relief sought, we think, that in the absence of any provision in the Divorce Act authorizing it, such relief cannot be granted in a divorce suit.

As ground for the exercise of such jurisdiction it is urged that the trust agreement constitutes a part of the decree. It is not made so by its terms nor can it be deemed so by implication. By its terms it merely recognizes that all question of the payment of alimony has been settled between the parties, out of court, which is not an uncommon practice, and is upheld if the agreement between the parties is fairly made and free from fraud or coercion (*Storey v. Storey*, 125 Ill. 608; *Doose v. Doose*, 300 Ill. 134; *Shankland v. Shankland*, 301 Ill. 524), and any attempt to impeach it on such ground becomes the subject of an independent suit in equity. The most, therefore, that can be implied from the terms of the decree is a recognition of an arrangement made by the parties out of court, competent for them to make, and which from its very

nature was in lieu of alimony and thus relieved the court of the exercise of its discretion with respect thereto, the court decreeing that "all alimony * * * has been fully paid and satisfied," and it is plain, therefore, that neither by its express provision nor implication does the decree make any allowance for alimony, and that by reason of the settlement between the parties the supplemental decree was intended to and did terminate the jurisdiction of the court over the subject.

It is obvious, too, that the agreement between the parties was such as could only be made by themselves and not one within the province of the court to decree or require or modify. It is plain, we think, that it formed no part of the decree, and such has been the ruling upon somewhat similar contentions. (*Moore v. Critchfield,* 136 Va. 20, 116 S. E. 482; *Moross v. Moross,* 129 Mich. 27, 87 N. W. 1035-7.)

Section 18 of the Divorce Act provides that: "The court may, on application, from time to time, make such alteration in the allowance of alimony * * * as shall appear reasonable and proper." In so providing the legislature manifestly contemplated that conditions might so change as to render it advisable to alter the provisions for alimony. But "alteration in the allowance" contemplates that some allowance for alimony was made, which is not the case here. Where the court has been called upon to exercise such power under section 18, it has invariably, so far as we are advised, previously entered a decree for an allowance. Where it has not done so, and the subject has not been reserved for future consideration, the statute does not contemplate any change of the decree.

While the continuing jurisdiction of the court over the custody of children is distinguished from the power to modify or alter decrees in allowing alimony (*Plaster v. Plaster,* 47 Ill. 290, 294; *Konitzer v. Konitzer,* 112 Ill. App. 326), yet the petition does not invoke the

exercise of such jurisdiction. The only reference made in the petition to the status of the children is that provision should be made for them in the event the court should declare the agreement void, and thus nullify the provision already made for them. Looking, as we should, to the material averments of the petition to determine its true character and the relief really sought by it (*McConnel v. Gibson,* 12 Ill. 128), it is not one seeking a change in the status of the children, but its sole purpose and object is to have said trust agreement declared void, and, if not void, to have it modified for other reasons than pertain to the welfare of the children. It is only in case the agreement is declared void or modified that they would be affected, or that any change as to their status is contemplated in the petition. If, therefore, the petition cannot be deemed one invoking the court's jurisdiction for the benefit of the children, and the court had no jurisdiction in this proceeding to grant the specific relief prayed for, then its averments state no ground for the court's jurisdiction.

Construing the decree, therefore, as making no allowance of alimony, or as embodying the trust agreement, or as providing any security for alimony, and interpreting the petition as one not seeking alteration of a previous allowance for alimony, or as involving jurisdiction of the court for the benefit of the children, but merely as invoking powers which can be exercised only by a court of equity in a purely equity proceeding, we think the court did not err in dismissing the petition for want of jurisdiction.

Numerous cases have been cited in the briefs by both sides and give wide range to the arguments. Many of them lead far adrift from the real issue as we see it; while others may readily be distinguished in their application and present facts so variant that a discussion of them to extract some pertinent principle would serve no useful purpose. While many

questions have been presented in the briefs and have
been ably argued, we think those pertinent to the is-
sue, as we conceive it to be, have already been con-
sidered.

*Affirmed.*

FITCH, P. J., and GRIDLEY, J., concur.