KUTZNER v. KUTZNER.

1. DIVORCE—PROPERTY SETTLEMENT.
    In suit for divorce wherein parties stipulated property was worth $9,008.75, award of $3,000 to plaintiff as property settlement *held*, fair, where it appears that defendant, during 14 years parties lived together, contributed to support of plaintiff's three children by previous marriage and there is one child of the parties now seven years old.

2. SAME—ALIMONY.
    Where decree does not expressly recite that defendant is freed from any future payment of alimony for support of plaintiff, such freedom from future alimony is inferred where no provision is made for payment thereof.

Appeal from Monroe; Golden (Clayton C.), J. Submitted April 9, 1947. (Docket No. 28, Calendar No. 43,621.) Decided May 16, 1947.

Bill by Julia Kutzner against Frederick William Kutzner for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Plaintiff cross-appeals. Affirmed.

*Williamson & Ready,* for plaintiff.

*William H. Fallon,* for defendant.

REID, J.   Defendant appeals from that portion of a decree of divorce which awarded $3,000 as property settlement to plaintiff. Defendant does not appeal from any other provision of the decree.

Plaintiff in her cross-appeal claims that the award to her is insufficient.

The real estate, which was owned by the parties by the entireties, was recently sold. By stipulation of attorneys, the financial status of the parties is as follows:

| | |
|---|---|
| Cash from sale of farm owned as tenants by the entireties | $4,484.75 |
| Joint bank account | 2,500.00 |
| Cash representing sale price of some livestock owned by defendant | 411.00 |
| Other personal property owned by defendant | 1,613.00 |

The parties were married February 8, 1932. One child, Kathleen, now 7 years of age, was born of the marriage. Each of the parties had been married previously. Defendant's former wife had died. Plaintiff was divorced from her former husband; by her former marriage she had three children, who at the time of her marriage to defendant were 12, 7 and 3 years of age.

Defendant claims he contributed largely to the support of plaintiff's three children during the 14 years the parties lived together, but plaintiff claims the amount of such support was much less than that claimed by defendant.

Defendant in 1937 lost the farm he then owned in Wayne county, together with personal property located thereon worth $5,000. Thereafter defendant bought the farm which was recently sold, and paid $300 down. He claims that the balance was paid as a result of his hard labor. However, plaintiff testified that she kept the household, did the housework, did some work in the fields, and that while defendant was working at Great Lakes that she did all the chores and milked the cows.

After a careful consideration of the entire record, we conclude that the award of $3,000 to plaintiff is fair and should be affirmed. The decree does not expressly recite that defendant is freed from any future payment of alimony for support of plaintiff, yet such freedom from future alimony is to be inferred. See 83 A. L. R. 1248, which cites at 1250, 1251, in addition to cases from many other jurisdictions, the following Michigan cases: *Moross* v. *Moross,* 129 Mich. 27; *Harner* v. *Harner,* 255 Mich. 515.

The decree appealed from is affirmed. Costs to plaintiff.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.