SARAH M. JORDAN v. GEORGE W. JORDAN.

*Alimony—Amendment of decree.*

Where a divorce bill does not ask for alimony and the decree does not award it, a motion to amend the decree by adding a reference to a circuit court commissioner to take proofs as to alimony, is properly

denied, as neither pleadings nor decree contain any thing to which the subject matter of the motion is germane ; the proper remedy in chancery, if there is any, is by supplemental bill in the nature of a bill of review.

Appeal from Lenawee. (Howell, J.) Apl. 23—Apl. 30.

DIVORCE bill. Complainant appeals. Affirmed.

*Godwin & Earle* for complainant. A decree may be amended on motion or petition by the insertion of any provision or direction which would have been inserted as a matter of course, if the same had been asked for at the hearing : 1 Barb. Ch. Pr. (2d ed.) 350 ; 2 Dan. Ch. Pr. 1041–2 ; *Clark v. Hall* 7 Paige 384 ; *Rogers v. Rogers* 1 Paige 188 ; *Jerome v. Seymour* Walk. Ch. 360 ; *Bates v. Garrison* Har. Ch. 221 ; *Emery v. Whitwell* 6 Mich. 493 ; *Murray v. Blatchford* 2 Wend. 221 ; *Merrill v. Montgomery* 25 Mich. 73 ; Jennison's Ch. Pr. 194 ; *Berry v. Innes* 35 Mich. 189 ; *Cooledge v. Cooledge* 1 Barb. Ch. 77 ; 2 Bish. M. & D. §§ 490–7 ; *Forrest v. Forrest* 25 N. Y. 501 ; *Shaw v. Shaw* 9 Mich. 164.

*Bean & Underwood* for defendant. A chancery order cannot be modified in an essential part without the consent of both parties, or a rehearing : 1 Barb. Ch. Pr. 350 ; *Clark v. Hall* 7 Paige 384 ; *Gardner v. Dering* 2 Edw. Ch. 131 ; *Bennett v. Winter* 2 Johns. Ch. 205 ; *Hendricks v. Robinson* id. 484 ; *Lawrence v. Cornell* 4 Johns. Ch. 545 ; *Tomlins v. Palk* 1 Russ. 475 ; *Willis v. Parkinson* 3 Swanst. 233 ; *Brookfield v. Bradley* 2 Sim. & Stu. 23.

SHERWOOD, J. The complainant on the 3d day of November, 1882, filed her bill of complaint against her husband, the defendant, in the Lenawee circuit court, to obtain a decree of divorce, alleging as grounds therefor cruel treatment and drunkenness and neglect to properly support complainant and her children. The defendant made and filed his answer thereto, denying the material grounds for divorce charged in the bill, and the issue is now completed by the filing of the general replication. Proofs were taken before a circuit court commissioner, and on the 1st day of December, 1882, a decree of divorce was granted to complainant on the grounds charged in her bill.

On the 27th day of January, 1883, the defendant applied to the circuit court for leave to remove said cause by appeal to this Court, the time for appealing under the statutes having expired, which motion was denied by the circuit judge and very properly.

The bill of complaint contains only a prayer for dissolution of the marriage and for the care and custody of the minor children. It says nothing in regard to alimony, temporary or permanent, or money to defray her necessary expenses in the prosecution of her suit.

By an arrangement between the counsel for the respective parties and unknown to the court, she was not to apply for alimony or expenses during the proceedings, and the defendant paid to her counsel $4500, he being worth, as alleged in the bill of complaint, about $40,000 (which is not denied in the answer). This amount the defendant claims was to be in full of her interest in his property. This she denies, and avers she never herself made such agreement or authorized any such agreement to be made for her, and the evidence and proceedings fail to show any such agreement on her part. The object of the application of the defendant for leave to appeal was to get a settlement of the property question by the court.

On the 13th of January, 1883, the complainant filed her declaration in ejectment to recover her dower interests in the hands of defendant, under How. Stat., § 6246. Believing that her solicitors had not dealt fairly with her and had conducted her case prejudicially to her interests and attempted to bind her by unauthorized acts, she dismissed them from her service and substituted others in their stead, by whom she was advised that the entire property matter should have been litigated and settled in the divorce suit, and under their advice a motion was made on her part, upon the files in the case, on the 10th day of December, 1883, to amend the decree entered in the case heretofore referred to by "inserting therein a provision referring the cause to a circuit court commissioner to take proofs and report what would be a proper allowance of alimony to complainant, and

a provision permitting complainant an election to receive the value of the dower in the lands of the defendant as alimony on her executing a proper release of the same." This motion was denied by the circuit judge, and a decree entered to that effect on the 11th day of December, 1883. It is from this decree the appeal to this Court is taken. We think the order denying that (complainant's) motion was correct. There was nothing contained in these pleadings or decree[1] to which the subject-matter of the motion was germane, or upon which the relief sought could be based. The court had no power to grant the relief upon the motion as made. The complainant's only remedy in the court of chancery if she had any, was by supplemental bill in the nature of a bill

---

[1] "At a session of said court, held at the court house in the city of Adrian, in said county, on the first day of December, in the year one thousand eight hundred and eighty-two:

Present, Hon. JOSEPH H. STEERE, circuit judge of the Eleventh judicial circuit, presiding.

This cause having been brought on to be heard upon the bill of complaint, answer, and replication filed therein, and the stipulation on file, and upon the report of Frank R. Payne, one of the circuit court commissioners for said county of Lenawee, to whom it was referred by an order heretofore entered therein, to take proofs of the material facts charged in such bill of complaint, and report the same to said court, with his opinion thereon: On reading the pleadings, the report of such circuit court commissioner, and the proofs accompanying the same, from which it satisfactorily appears to this court that the material facts charged in such bill of complaint are true, and that the defendant, George W. Jordan, has been guilty of several acts of habitual drunkenness and extreme cruelty therein charged, and that said defendant is an unsuitable person to have the care, custody, and maintenance of the minor child, Eddie Jordan, the issue of their said marriage, and named in said bill; and that the complainant, Sarah M. Jordan, is a suitable person to have the care, custody and maintenance of said child.

On motion of Wallace Westerman, of counsel for said complainant, and Bean & Underwood, counsel for defendant, being present in court, it is ordered, adjudged and decreed, and this court, by virtue of the authority therein vested, and in pursuance of the statute in such case made and provided, doth order, adjudge and decree, that the marriage between the said complainant, Sarah M. Jordan, and the said defendant, George W. Jordan, be dissolved, and the same is hereby dissolved accordingly, and a divorce from the bonds of matrimony between said parties is also adjudged and decreed.

And it is also further ordered, adjudged and decreed that said complainant, Sarah M. Jordan, shall have the care, custody and maintenance of said minor child, Eddie Jordan, and that said child shall remain with said complainant, Sarah M. Jordan, until he shall attain the age of fourteen years, or until the further order of the court.

JOS. H. STEERE,
Circuit Judge of the Eleventh Judicial Circuit."

of review. We do not intend however to be understood
that the suit in ejectment was not properly brought, and if
prosecuted will not afford the complainant adequate remedy.
Upon that question we do not feel called upon to pass.

The order made by the circuit judge denying complain-
ant's motion, must be affirmed without costs to either party.

The other Justices concurred.

