## MARKS v. MARKS.

Rev. Civ. Code 1903, §§ 91, 92, empowering the court in a suit for divorce to give, either before or after judgment, directions for the custody and care of children of the parties and to at any time vacate or modify the same, etc., authorize the court to so modify a decree of divorce obtained by a wife as to require the husband to provide for the support of a minor child in the custody of the wife, though the complaint omitted to claim an allowance therefor.

(Opinion filed, Nov. 25, 1908.)

Appeal from Circuit Court, Deuel County. Hon. GEORGE H. MARQUIS, Judge.

Action by Clara A. Marks against Henry M. Marks. From

an order modifying a judgment decreeing a divorce for plaintiff, defendant appeals. Affirmed.

C. H. 'Bartelt and Joe Kirby, for appellant. E. H. Berg, for respondent.

CORSON, J. This is an appeal by the defendant from an order modifying the judgment of the circuit court of Deuel county decreeing a divorce in favor of the plaintiff and against the defendant.

It is disclosed by the record that on November 11, 1905, the plaintiff obtained a decree of divorce from the defendant, but that no alimony was claimed in the complaint or provided for in the decree. On July 25, 1907, the plaintiff pesented to the circuit court a petition supported by affidavits praying that the court might modify said judgment "so as to provide for the payment to her by defendant of a certain amount for her support and maintenance and for a certain amount for the support and maintenance and education of said minor child, Harold E. Marks, who was by said decree awarded to your petitioner for care and custody, also that an order may be made directing said defendant to pay unto your petitioner the sum of $50 as suit money, and a further certain reasonable amount to be paid to your petitioner's attorney herein, Edward H. Berg, and that executions be granted to plaintiff thereon. For such other and further relief as to the court may appear just, proper, and equitable in the premises." To the hearing of the petition of the plaintiff the defendant objected on the following ground: "(1) The original relief now sought by the plaintiff should have been sought and included in the issues rendered by the pleadings heretofore filed in said action and determined in the judgment therein. (2) The court cannot try issues of fact and determine the merits of controversies upon affidavits, and especially where no issues are tendered or formed in regard thereto." As to these objections, the court reversed its ruling. Thereupon the defendant filed and presented to the court a petition, supported by affidavits, in which he asked that "an order be granted and entered to amend and correct its former decree (so) as to award the care, custody and control of said minor child, * * * during the term of his minority, and for such other and further relief as to the court may

seem just and meet." It will be seen, therefore, that the issues presented on the hearing of the petitions were (1) whether or not plaintiff should be granted any relief by way of alimony for herself; (2) whether defendant should be compelled to pay for the support of their said minor child; (3) whether said minor child should be awarded to the defendant on his cross-petition. Upon the final hearing of the petitions, the court made the following order among others from which the appeal was taken: (1) That the said application of the defendant be denied. (2) That the said application of the plaintiff in so far as she asks alimony for herself personally is denied. (3) That the defendant pay to the clerk of this court for and to defray the said expenses $25 monthly, payable on the 1st day of each and every month subsequent to October, 1907, until the said child becomes of age or until the further order of the court, which money is to be paid over by the said clerk to the said plaintiff while she actually resides in and has her home and domicile within this state, and said child is cared for and educated by her within this state in a manner satisfactory to the court.

It is contended by the defendant and appellant that inasmuch as there was no alimony for the plaintiff or allowance for the support of the minor child asked for in the original complaint, and no provision was made in the judgment for such alimony or for the support of the child, the court was without jurisdiction to make an order granting either alimony to the plaintiff or an allowance for the support of the minor child in this proceeding. In view of the fact that the court denied the motion of the plaintiff for alimony, it will not be necessary for the court to determine the question at this time as to whether or not it had jurisdiction to grant alimony to the plaintiff when no claim for alimony was made in the original complaint. But we are clearly of the opinion that the court under the provisions of our Code had the authority to provide for an allowance for the support of the minor child to be paid by the defendant notiwthstanding the omission to claim such an allowance in the original complaint. Sections 91 and 92 of the Revised Civil Code of 1903 provide as follows: "In an action for divorce the court may, before or after judgment, give such direction for the

custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects." This court in Greenleaf v. Greenleaf, 6 S. D. 348, 61 N. W. 42, gave a construction to these sections, and held that it was competent for the court either before or after judgment to make such orders in reference to an allowance for the support of a minor child either before or after judgment as the court might deem proper. This would seem to carry into effect the intention of the Legislature in the adoption of the sections, and the court in its opinion says: "As will be observed, under the provisions of these sections, the court is vested with full power to modify its decree and orders relating to alimony or allowance to minor children. These provisions of the statute were evidently adopted for the purpose of enabling the court to make such modifications or changes in its decree or orders relating to alimony or the support and maintenance of minor children, from time to time, as the circumstances of the parties might require, and they should therefore receive a liberal construction in furtherance of justice."

The learned counsel for the defendant and appellant has called our attention to the case of Jordan v. Jordan, 53 Mich. 550, 19 N. W. 180, in which the Supreme Court of Michigan held: "Where, in a divorce suit, a decree is given dissolving the marriage, and awarding the custody of the children to the complainant, no allowance or alimony being asked for, a motion to reform the decree by inserting therein a provision to refer the cause to a commissioner to report what would be a proper allowance for alimony, cannot be sustained. The remedy, if complainant has any, is by a supplemental bill in the nature of a bill of review." In that case the modification asked for was alimony for the plaintiff; no alimony having been claimed in the complaint or awarded by the judgment.

By section 8632 of the Compiled Laws of Michigan of 1897 it is provided: "The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children, shall require." It will be observed that nothing in that section is said as to alimony, and that the relief provided for is confined exclusively to the "care, custody and maintenance of the children or any of them." As the decision referred to was in 1884, we may reasonably presume that the section we have quoted was in force. So far as our researches extend, we have not been able to discover any provision in their statute similar to sections 91 and 92 of the Code of this state. Under the law of Michigan, therefore, the decision in the case of Jordan v. Jordan, supra, though undoubtedly correct, is not applicable to the case at bar, in view of the provisions of our Code, which provide that the court may from time to time modify its orders in respect to the allowance for the maintenance of the children. Whether as in the case at bar, however, no claim having been made in the complaint for alimony, the failure to make such claim would be a bar to the plaintiff's claim for a modification of the judgment, we do not decide. But, whatever view the court may take of the failure of the plaintiff to claim alimony in her complaint, we are clearly of the opinion that, so far as the children are involved, the failure in the complaint to claim support for them will not prevent the court from subsequently modifying the judgment, so as to provide for their support by the husband and father. The duty of the court to provide for the support of the children in divorce cases is imposed upon it, and such provision should be made by the court whether demanded or not in the complaint, and it is the duty of the court to see that, as far as possible, provision for their support, maintenance, and education is provided for, if not in the decree as originally entered, then upon proper application the decree should be so far modified as to make such provision as may be necessary to accomplish the purpose before specified. And we are of the opinion that the facts necessary to a modification of the judgment may be shown by affidavit, and that no new action is required for the purpose.

In the case at bar, upon a review of the evidence, we are of the opinion that the decision of the trial court in modifying the judgment, in so far as to provide for the support of the minor child and in denying defendant's petition, was clearly correct; and the order appealed from is affirmed. .