MACK *v.* MACK.

1. DIVORCE—ALIMONY—MODIFICATION OF DECREE—STATUTES.

Court's statutory power subsequently to modify provisions as to alimony in final decree in suit for divorce may not be exercised where no alimony was allowed in the original decree (3 Comp. Laws 1929, § 12748).

2. SAME—ALIMONY—RESERVATION OF RIGHT TO MODIFY DECREE.

Trial court *held,* in error in amending final decree in suit for divorce which contained no provision for alimony and which made no reservation of right to do so, so as to provide for payment of alimony (3 Comp. Laws 1929, § 12748).

3. SAME—COURTS—STATUTES—EQUITY.

Judicial power to decree divorce and all interlocutory proceedings, inclusive of temporary alimony, expense money, and counsel fees, is purely statutory, and the ordinary principles of equity jurisdiction do not obtain.

4. SAME—COUNSEL FEES—STATUTES—APPEAL—SUBSEQUENT PETITION TO MODIFY.

Under statute providing counsel fees for wife in suit for divorce, such fees may be awarded not only during pendency of divorce proceedings and when an appeal is taken in good faith but also upon subsequent petition to modify decree as to alimony and children's support money and until the subject-matter of the suit is finally settled and determined (3 Comp. Laws 1929, § 12735).

5. SAME—COUNSEL FEES—APPEAL FROM AMENDATORY DECREE.

Amendatory decree awarding plaintiff wife $100 for counsel fees for services to be rendered in connection with proposed appeal from a recently amended decree is vacated on appeal where no brief was filed for plaintiff as contemplated by order granting counsel fees although she would otherwise have been entitled to such expenses even though relief with respect to petition for increase for support of children was denied (3 Comp. Laws 1929, § 12735).

6. SAME—COSTS—HUSBAND'S APPEAL.

No costs are awarded husband, appellant in divorce suit, notwith-
standing he is successful on appeal.

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted January 5, 1938. (Docket No. 34, Calendar
No. 39,787.) Decided February 25, 1938.

Divorce proceedings by Maude Marion Mack
against Thomas Henry Mack. On petition of plain-
tiff for additional alimony for the support of chil-
dren, plaintiff and attorney's fees. From orders
entered modifying decree, defendant appeals. Re-
versed.

*Keeling, Bogue & Huthwaite,* for appellant.

SHARPE, J. On January 6, 1936, plaintiff was
granted a decree of divorce and among other things,
the decree provided for the payment to Maude Mack
of any sum paid by her on a $2,000 note upon which
she was indorser and had pledged a portion of her
separate estate as security. The decree also con-
tained the usual statutory provisions barring dower
and provided for the payment of five dollars per
week for the support of each of four children until
they attained the age of 16 years. On February 25,
1937, plaintiff filed a petition to modify the final di-
vorce decree and prayed for an increase in the
amount of alimony to be paid for the support of the
children and for reimbursement to her for hospital
and medical expenses incurred during their illness.
When the above petition was filed, defendant was
paying $15 per week for the support of three chil-
dren, one of the children having attained the age of
16 years since the final decree was entered. After
a hearing on the petition, the trial court entered a
decree providing that defendant pay plaintiff $10

per week beginning March 15, 1937, for her support and maintenance in addition to what defendant was required to pay under the original decree. On April 6, 1937, the trial court entered another decree requiring defendant to pay $100 for plaintiff's counsel fee for services to be rendered on appeal of the amended decree to the Supreme Court.

Defendant appeals from the decree of March, 1937, amending the final decree of divorce and from the decree entered in April, 1937, allowing an attorney fee to plaintiff's attorney and contends that where a divorce decree does not award alimony for the support of the wife and the question is not reserved for further consideration, no alimony can thereafter be awarded; and that the trial court had no jurisdiction to award additional attorney fees to plaintiff after the final decree of divorce.

In speaking of the court's power to modify an award of alimony in a divorce decree, we said, in *Mayer* v. *Mayer,* 154 Mich. 386, 390 (19 L. R. A. [N. S.] 245, 129 Am. St. Rep. 477):

"It is contended in the brief of the defendant's counsel that this right exists in a court of equity independent of statute. We do not agree with this contention. * * * In most of the States the power to amend the decree as to alimony is reserved to the court by statute, but in the absence of such reservation of authority, or of a reservation in the decree itself, we think the determination should be treated as final."

In *Harner* v. *Harner,* 255 Mich. 515, we said:

"The statute, 3 Comp. Laws 1915, § 11417 (3 Comp. Laws 1929, § 12748), permits amendment of a decree for alimony, but 'to permit modification respecting alimony, allowance thereof must be in the original decree.' *Kutchai* v. *Kutchai,* 233 Mich. 569."

See, also, *Jordan* v. *Jordan,* 53 Mich. 550; *Moross* v. *Moross,* 129 Mich. 27.

In the case at bar the original decree did not provide for alimony to plaintiff, nor did it reserve the right to make such a provision, and under the authorities above cited it may not be done now. The trial court was in error in making such an amendment and the decree of March 15, 1937, is reversed.

The statute relative to attorney fees is 3 Comp. Laws 1929, § 12735, and reads as follows:

"In every suit brought, either for a divorce, or for a separation, the court may, in its discretion, require the husband to pay any sums necessary to enable the wife to carry on or defend the suit during its pendency; and it may decree costs against either party, and award execution for the same, or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver."

In *Hintz* v. *Wayne Circuit Judge,* 245 Mich. 306, we said:

"Judicial power to decree divorce and all interlocutory proceedings, inclusive of temporary alimony, expense money, and counsel fees, is purely statutory, and the ordinary principles of equity jurisdiction do not obtain."

There appears to be no question that under the above statute, the trial court may award counsel fees during the pendency of the divorce proceedings, *Rossman* v. *Rossman,* 62 Mich. 429, and when an appeal is taken in good faith, such fees may be awarded. *Reichert* v. *Reichert,* 124 Mich. 694.

In *Chambers* v. *Chambers,* 75 Neb. 850 (106 N. W. 993), the wife petitioned the court to modify a decree of divorce previously rendered in respect to alimony and custody of a child. The court there said:

"This proceeding is simply a continuation of the divorce suit and one of its incidents, and we think that under the authority of the court to allow counsel fees under the section of the statute last cited, (Comp. Stat. of Nebraska 1905, chap. 25, § 12, being the same as 3 Mich. Comp. Laws 1929, § 12735) continues until the subject matter of the divorce suit is finally settled and determined."

In *Helden* v. *Helden*, 11 Wis. 554, the husband objected to the allowance of counsel fees to his former wife on his motion to reduce alimony after the original decree of divorce. The Wisconsin statute (R. S. 1858, chap. 111, § 28), relative to revising and altering a decree for alimony, is analogous to our 3 Comp. Laws 1929, § 12748. The court said:

"It is objected that as the parties were already divorced, the court had no authority under the statute to make this allowance. But we think the power still remained. The proceedings taken by the husband to re-open the litigation, were taken by virtue of R. S. 1858, chap. 111, § 28, which authorizes the court, after the original decree, on the petition of either party, to revise the whole matter of alimony, and expressly gives the power to 'make any judgment respecting any of said matters which such court might have made in the original action.' There can be no question that under sections 15 and 16, the court in the original action, would have had power to compel the husband to pay reasonable sums for her expenses in conducting the litigation. And as section 28, notwithstanding a divorce, reserves the power for the parties still to litigate concerning the alimony, we think the intent was to reserve to court the same power to protect the wife in regard to the expenses of the litigation, which it had in the original action."

In the case at bar, plaintiff petitioned for an increase for support of the children, a matter over

which the court had jurisdiction; and upon proper showing of change of condition the court could have modified the decree. Plaintiff did not get the relief in the form asked for, but to deny her the expenses necessary to enable her to present the facts supporting her petition would be unfair to the court in determining a matter that indirectly affects public welfare. The trial court had jurisdiction to enter an order for these expenses, but in view of the fact that no brief has been filed for plaintiff as was contemplated by the order, the decree of April 6, 1937, is vacated. No costs will be awarded.

Wiest, C. J., and Butzel, Bushnell, Potter, Chandler, North, and McAllister, JJ., concurred.