MCMANN *v.* MCMANN.

DIVORCE—ALIMONY AND SUPPORT MONEY.
    Reduction of weekly alimony from $15 a week to $12 and award
        of $25 attorney fee on husband's petition for reduction and
        wife's cross-petition for increase is not disturbed where hus-
        band's salary has been reduced from $216 to $184 a month
        and oldest daughter of the parties is employed in a bank at
        $60 a month with prospect of increase in salary.

Appeal from St. Clair; Robertson (William), J.
Submitted June 7, 1938. (Docket No. 24, Calendar
No. 40,044.) Decided October 3, 1938.

Divorce proceedings by Ellis J. McMann against
Alice M. McMann. On petition by plaintiff for
modification of decree. Decree modified. Defend-
ant appeals. Affirmed.

*Frank R. Schell,* for plaintiff.

*Walsh, Walsh & O'Sullivan,* for defendant.

POTTER, J. December 23, 1930, defendant had de-
cree for divorce on her answer in the nature of a
cross-bill against plaintiff. She was given the care,
custody and maintenance of the three minor children
of the parties. Plaintiff was required to pay $15 a
week to defendant for permanent alimony and for
the care, support and maintenance of the minor chil-
dren and in lieu of dower, and to pay a $50 attorney
fee.

February 1, 1938, plaintiff filed a petition to modify the decree and reduce the alimony to $10 a week. Defendant petitioned for an additional attorney fee of $50 and February 14, 1938, filed an answer claiming her alimony should be increased to $25 a week.

The trial court reduced the alimony to $12 a week and fixed defendant's attorney fee at $25. She appeals.

The case involves questions of fact. The oldest daughter of the parties is employed by the First National Trust & Savings Bank, at Port Huron, at $60 a month with a prospect of increase in salary, and plaintiff's salary has been reduced from $216 to $184 a month.

We find no reason to disturb the conclusion reached by the trial court, and his order is affirmed.

Wiest, C. J., and Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.