DILLON v. DILLON.

1. APPEAL AND ERROR—DIVORCE—DE NOVO HEARING.
    On appeal from order modifying decree of divorce as to amount required of defendant husband for support of children, hearing by the Supreme Court is *de novo*.

2. DIVORCE—SUPPORT OF CHILDREN—REMARRIAGE.
    Amendment of decree of divorce to increase remarried father's payments for support of children, because of material change for better in his financial circumstances *held*, proper, since his obligation to support his children, as ordered in a divorce decree or a modification thereof, is neither nullified nor minimized by his marriage to another woman subsequent to a decree of divorce.

3. SAME—ALIMONY—ABSENCE OF PROVISION IN ORIGINAL DECREE.
    Where original decree of divorce neither granted alimony to wife nor reserved the power to grant it later, the court did not have power to grant it on petition for modification of decree.

4. Same—Modification of Decree—Alimony—Increase for Support of Children.

Where petition for modification of decree sought an order increasing the alimony payable under the decree theretofore rendered and the only provision therein as to alimony was for a contribution to the support of the children, order increasing payment to wife is construed as for the support of the children remaining in her custody without prejudice to defendant's right to ask clarification of the amendment in the circuit court.

5. Same—Modification of Decree—National Service Life Insurance—Support of Children.

Merely because father of man insured under a national service life insurance policy became entitled to payments thereunder, a circuit judge who had previously ordered father to pay $10 weekly for support of children was not without power so to modify decree of divorce as to require that he should pay his former wife an additional sum for their children's maintenance and support equal to half of such insurance payments.

6. Same—Support of Children—Financial Means of Father.

Where father has the financial means to make payments for support of children as ordered by court in divorce proceedings, the source of his means is quite immaterial.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted June 13, 1947. (Docket No. 71, Calendar No. 43,771.) Decided October 13, 1947.

Divorce proceedings by Flossie Dillon against Clarence Dillon. On petition of Flossie Dillon for modification of decree. Decree amended. Defendant appeals. Affirmed.

*Kenneth B. Kelly* (*V. O. Braun,* of counsel), for plaintiff.

*John Wendell Bird,* for defendant.

North, J. This is an appeal by plaintiff's former husband from a modification of the provision in a decree of divorce whereby the amount defendant

was ordered to pay for the support of minor children was increased. In January, 1939, plaintiff was granted a *pro confesso* decree of divorce. She was given the custody of 6 children born of the marriage, whose ages varied from 4 to 15 years, until they became 16 years of age or the further order of the court. The decree provided that defendant should make weekly payments of $10 to the clerk of the court who should "transmit all sums of money so paid to Flossie Dillon." The meager amount of $10 per week was obviously due to the fact that at that time defendant's earnings were only 20 to 25 dollars per week. So far as the record discloses neither of these parties at the time the decree was granted had any appreciable amount of property. While we do not consider it at all controlling of the present controversy, it may be noted that each of these parties remarried, that plaintiff has two children of her second marriage, and that no children have been born of defendant's second marriage. At the time plaintiff filed her petition 4 of the 6 Dillon children were still under 16 years of age, their ages then varying from 10 to 14 years.

On this appeal the matter is heard by us *de novo;* and the controlling issue is whether the record discloses such a change of circumstances as renders it just and equitable that defendant should be required to pay more for the maintenance of the four minors above mentioned than was required by the original decree. The prayer of plaintiff's present petition is "that an order be entered in this cause increasing the amount of the weekly alimony payments from $10 per week to such a sum as will enable this petitioner to properly care for, support and educate said (four) minor children."

Plaintiff has no employment except as housekeeper in the home of her present husband. Nor

has she any property or means, save a bank deposit of substantially $500. She became possessed of that sum in the following manner. Defendant defaulted in making the payments provided in the original decree to the extent of upwards of $1,300. In consequence he was brought before the court in October, 1944, and the matter was adjusted by defendant paying plaintiff $900 as a settlement in full to that date. Plaintiff testified that the money she has in the bank is part of the $900, that in maintaining the children she has expended more than the balance; and that she is conserving the money in the bank to enable her to meet future needs of the children.

Since the original decree was granted there has been a decided change in defendant's financial status. As before noted, at the time of the divorce defendant was earning from 20 to 25 dollars per week. At the time of hearing the present matter in circuit court defendant testified: "My rate of pay is $1.28 per hour; I work 52 hours a week. * * * I have 20 per cent. taken out weekly for bonds and I have two insurances." He also has some deductions from his pay, such as his witholding tax, old age benefits, et cetera. But on cross-examination he testified: "At the present time my earnings amount to about $50 plus about $12 a week which I take out for bonds."

Further, the record discloses that the oldest son of these parties lost his life in line of duty in World War II, and that in an insurance policy carried by him defendant was named as beneficiary. By reason of this insurance defendant during his life will receive $41.50 each month. At the hearing in the circuit court there was some uncertainty as to just when defendant would begin to receive these monthly payments, although defendant had received notice from the "Director of Insurance" as follows:

"You are entitled to monthly payments of $41.50 beginning September 13, 1944, to continue for life." Defendant had not received any payments at the time this matter was heard in circuit court, February, 1945. The uncertainty as to the time of these payments evidently caused the circuit judge to make his modifying decretal order, about to be noted, in a qualified or conditional form.

The circuit judge, after taking testimony in open court, allowed the provision of the original decree to stand by which defendant was required to pay for the support of the children $10 each week until the further order of the court; but the circuit judge modified the decree as follows:

"It is also further ordered, adjudged and decreed, that the defendant, Clarence Dillon, pay to the plaintiff, Flossie Dillon, a sum of money equal to one-half (½) of the insurance payments when and as he receives the same as beneficiary on the national service life insurance policy issued on the life of Clarence Dillon, Jr., who is now deceased; said payments to continue until the further order of the Court."

Notwithstanding defendant's contention to the contrary, we are in accord with the determination of the circuit judge that there has been a material change for the better in defendant's financial condition since the original decree was entered, and in consequence thereof, to the extent provided in the amended decree, defendant should be required to contribute additional sums for the support and maintenance of the minor children in plaintiff's custody. In so concluding we do not overlook defendant's testimony as to his present obligations incident to his second marriage. But it must be borne in mind a father's obligation to support his children, as ordered in a divorce decree or a modification thereof, is neither nullified nor minimized by

the father's marriage to another woman subsequent to a decree of divorce.

Defendant further contends that since no alimony for plaintiff was provided in the original decree of divorce nor was any reservation made of the right to later grant such alimony, the court did not have the power in the present proceedings to grant alimony to plaintiff, citing *Harner* v. *Harner,* 255 Mich. 515, and *Mack* v. *Mack,* 283 Mich. 365. We are in accord with the legal aspect of defendant's contention in this respect. But since such contention does not appear to have been urged before the circuit judge, we construe his amendment of the decree as ordering an additional amount payable to plaintiff *as support money for the four children* who were under 16 years of age and in plaintiff's custody. The modification of the decree so construed was clearly within the power of the circuit judge. We think it was a mere inadvertence, and quite inconsequential, that in the amendment decreed the circuit judge recited in substance that it appeared to him plaintiff was entitled to receive a portion of the insurance payments. It was not only in consequence of that circumstance, but, also, because the court found defendant's financial condition had improved that the decree was amended in the manner hereinbefore quoted. As recited by the circuit judge in his amendment to the decree, the matter before him was plaintiff's petition, "praying for an order increasing the alimony *payable under the decree of divorce heretofore rendered in this cause.*" The only provision for payment of alimony in the original decree was as and for a contribution to the support of the children born of the marriage. Obviously the amendment now before us was made solely for the purpose of requiring an increased contribution by defendant for the support and mainte-

nance of the children still in plaintiff's custody; and it was so decreed because of defendant's changed and improved financial condition. However, our holding in this particular is without prejudice to defendant's right to ask clarification of the amendment in the circuit court, should he deem such action desirable.

In our judgment there is no merit to defendant's contention that since he is named as the sole beneficiary in the above-mentioned insurance policy, the circuit judge was without power to decree that defendant should pay plaintiff additional sums for the children's maintenance and support which equalled half of the insurance payments. The point is that receipt of the insurance money renders defendant equitably able to contribute more liberally to the support and maintenance of his own children. Since he has financial means so to do, the source thereof is quite immaterial.

The amendment to the decree made by the circuit judge is affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.