GUMBIN v. GUMBIN.

1. DIVORCE—ALIMONY—MODIFICATION OF DECREE.
   Subsequent modification of decree as to alimony will not be permitted unless the original decree contained a provision therefor or made reservation of the question for further consideration.

2. SAME—STATUTES.
   Authority to make decrees and orders in divorce cases must be found in the pertinent statute as ordinary principles of equity jurisdiction do not apply.

3. SAME—STATUTES—MODIFICATION OF DECREE—JURISDICTION.
   Statutory authority conferred upon a court to modify a decree for alimony respecting the amount thereof and to "make any decree respecting any of the said matters which such court might have made in the original suit" serves to bring into operation the authority vested in the trial court during pendency of the original suit to require the husband to pay any sums necessary to enable the wife to carry on or defend the suit during its pendency (CL 1948, §§ 552.13, 552.28).

4. SAME—JURISDICTION—MODIFICATION OF DECREE—ATTORNEY FEES.
   Trial court had jurisdiction to order husband to pay to wife a sum for the expenses, including attorney fees, necessary to enable her to present the facts supporting her petition for modification of decree on ground of fraud and changed conditions, which petition was filed some 6 years after decree had been entered.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation § 241.
[2-5] 17 Am Jur, Divorce and Separation §§ 431, 562 et seq., 643 et seq.
[2-5] Amount of attorney's compensation in divorce, alimony, and other marital matters. 143 ALR 799.
   Allowance of counsel fees to wife to prosecute or defend appeal in matrimonial action. 18 ALR 1494.
   Amount of compensation of attorney for services on appeal in divorce action. 143 ALR 816.
   Financial condition of parties as affecting amount of counsel fees in matrimonial action. 35 ALR 1103.
   Circumstances affecting allowance of counsel fees to former wife upon application after absolute divorce to increase or decrease alimony. 15 ALR2d 1258.

5. Same—Attorney Fees—Discretion of Court.

> Order requiring husband to pay wife's attorney $1,000 to enable wife to present her petition for modification of decree as to alimony and property settlement on ground of fraud and changed conditions *held,* neither excessive nor an abuse of discretion.

6. Same—Extraordinary Attorney Fees.

> Wife's motion for allowance of extraordinary attorney fees in connection with husband's appeal from order requiring him to pay $1,000 as attorney fee for wife in presenting her petition for modification of decree is denied, where trial court's order is affirmed.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 14, 1953. (Calendar No. 45,766.) Decided October 5, 1953.

Divorce proceedings between Herman M. Gumbin and Nettie Gumbin. On petition to modify original decree increasing alimony. Order for attorney fees entered. Plaintiff reviews by appeal in nature of mandamus. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal* and *Robert S. McAllister,* for plaintiff.

*Morse & Kleiner* (*William Friedman,* of counsel), for defendant.

Dethmers, C. J. Plaintiff appeals, on leave granted, from an interlocutory order requiring him to pay defendant's attorneys the sum of $1,000, as a so-called temporary attorney fee, to enable defendant to prosecute her petition, filed herein, seeking modification of a divorce decree, awarded plaintiff 6 years earlier, to effect a change in the property settlement and alimony provisions thereof on the grounds of fraud and changed conditions. Plaintiff contends that the court is without jurisdiction to grant the modification prayed or the order for at-

torney fees because no reservation of authority to amend as to alimony was expressed in the original decree, citing *Harner* v. *Harner,* 255 Mich 515; *Hintz* v. *Wayne Circuit Judge,* 245 Mich 306; and *Mack* v. *Mack,* 283 Mich 365. They do not so hold. In *Harner* and in *Mack* the holding was that an allowance of alimony in the original decree is a necessary prerequisite to subsequent modification of the decree respecting alimony unless the decree contained a reservation of the question for further consideration. *Eddy* v. *Eddy,* 264 Mich 328, expressly held that later modification with respect to alimony is permitted without such reservation, if the original decree contained an alimony provision. For further cases in which alimony provisions of the original decree were later permitted to be modified without express reservation to that effect, see *Mc-Mann* v. *McMann,* 285 Mich 562, and *Havens* v. *Havens-Anthony,* 335 Mich 445. In the instant case the original decree did contain an alimony provision. In *Hintz* (decided before the amendment contained in PA 1951, No 18 [CLS 1952, § 552.13; Stat Ann 1951 Cum Supp § 25.93]) an interlocutory order of the trial court requiring the husband to keep up payments on the home of the parties during pendency of divorce suit was held invalid because no authority for such order was to be found in the statute, the court saying that authority to make decrees and orders in divorce cases must be found in the statute and that ordinary principles of equity jurisdiction do not obtain. Is there a statutory authority for the order for attorneys' fees from which appeal here is taken? CL 1948, § 552.28 (Stat Ann § 25.106), authorizing modification of decree for alimony respecting the amount thereof, also provides that the court, in such modification, "may make any decree respecting any of the said matters which such court might have made in the original suit." This provision, we

think, serves to bring into operation the authority vested in the trial court during pendency of the original suit by CL 1948, § 552.13 (Stat Ann § 25.93) to "require the husband to pay any sums necessary to enable the wife to carry on or defend the suit, during its pendency". In *Mack* it was held, not only as above noted, but, further, that, despite the fact the wife could not obtain a modification for alimony where none was provided for in the original decree, nevertheless, because her petition also sought increase in child support on the ground of change of conditions (which she failed to obtain for failure to establish that ground), it was competent for the trial court to require the husband to pay her a sum for the expenses necessary to enable her to present the facts supporting her petition. We hold that in the instant case the trial court has jurisdiction to entertain the petition for modification of the decree with respect to alimony on the grounds of changed conditions and to make the order requiring the husband to pay defendant a sum for attorney fees to enable her to prosecute the same.

From an examination of the entire record we cannot say, as urged by plaintiff, that the amount of the allowance is excessive or that the order therefor constitutes an abuse of discretion.

Defendant's motion filed herewith for allowance of extraordinary attorney fees in connection with this appeal is denied. Order of the trial court affirmed, with costs to defendant.

Adams, Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.