TRAVIS v. TRAVIS

1. DIVORCE—CHILD SUPPORT—DISCRETION.
   The amount allowed for child support is within the trial court's discretion and should be reasonable in view of the parties' status, the children's requirements, health, and age, the mother's income, and the husband's ability to pay.

2. DIVORCE—CHILD SUPPORT—FAIRNESS.
   The amount of child support must be fair and not a confiscatory burden on the parent.

3. DIVORCE—CHILD SUPPORT—ABILITY TO PAY.
   Father's financial ability to pay is a substantial element in determining the amount of child support, but the court may also consider his ability to labor and to earn money, and may base an award on it, even though he does not own property.

4. DIVORCE—CHILD SUPPORT—ASSETS—INCOME POTENTIAL.
   Annual child support of $2,080 for two children was not excessive considering that the father in the property settlement received assets of over $40,000 and gave no reason why he could not work a 40-hour week instead of contenting himself with a part-time job.

5. DIVORCE — PROPERTY SETTLEMENT — MARITALLY-ACQUIRED PROPERTY — INDIVIDUAL CONTRIBUTIONS.
   A property settlement in a divorce is not restricted solely to assets acquired during the marriage; individual contributions toward the marital assets are but one factor to be considered in the division of property.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 827, 839.
[2-4] 24 Am Jur 2d, Divorce and Separation § 839.
  Adequacy of amount of money awarded as child support. 1 ALR3d 324.
[5] 24 Am Jur 2d, Divorce and Separation § 883 et seq.

Appeal from Wayne, James N. Canham, J. Submitted Division 1 July 22, 1969, at Detroit. (Docket No. 5,611.) Decided August 28, 1969. Rehearing denied August 28, 1969.

Complaint by Albert Travis against Salwa Travis for divorce. Judgment for defendant on counterclaim for divorce. Plaintiff appeals property settlement, child support and attorney's fees. Affirmed.

*Robert O. Brown,* for plaintiff.

*Dykema, Wheat, Spencer, Goodnow & Trigg (W. A. Steiner, Jr.,* of counsel), for defendant.

Before: J. H. GILLIS, P. J., and LEVIN and V. J. BRENNAN, JJ.

PER CURIAM. On May 2, 1968 the trial court granted a judgment of divorce to the appellee Salwa Travis. The appellee was awarded child custody, child support, a property settlement and attorney fees. Albert Travis, the husband and appellant, filed a timely claim of appeal contending that the child support award of $20 per week per child, $40 total, is excessive; that the property settlement was made without regard to the funds acquired by appellant before the marriage; and that the award of $850 to the wife's attorney was excessive. The appellee has filed a motion to affirm the judgment of the lower court.

Appellant's first contention is that the amount of child support is excessive, a total of $40 per week or $2,080 annually. Appellant seeks to support this contention solely on the ground that his income for the preceding year was approximately $3,385. The general rule regarding the amount to be allowed

for child support is stated in 2 Nelson, Divorce and Annulment (1961 Rev), § 14.84.

"The amount to be allowed for the support of children is within the sound discretion of the court, but should be reasonable in view of the status of the parties and requirements of the children, the age and health of the children, the income of the mother, and the ability of the husband to pay. However, the amount of support must be fair and not a confiscatory burden on the parent; and the financial ability of the husband to pay, although a substantial element in determining the amount of support for a child is not, of course, the sole factor to be considered. *Nevertheless, the duty of a father to contribute to the maintenance of his children is not limited to his income. The court may also take into consideration the father's ability to labor and earn money and make an award based thereon, even though the father owns no property.*" (Emphasis supplied.)

In the present case the appellant was awarded assets in excess of $40,000. Moreover, he has been content with a part-time job although he advances no reason why he cannot work a forty-hour week. The trial court properly considered appellant's assets and his income potential.

The second issue concerns the division of property. The total assets amounted to more than $50,000 on the date the divorce action was commenced. At the date of settlement the assets were worth more. Appellant was awarded in excess of $40,000. Appellant contends that he should have been credited with the amount of the assets which he brought into the marriage and that the division of property should have been restricted to the remainder. However, no authority has been advanced or discovered which would support the proposition that a property settlement is restricted solely to the

assets acquired during the period of the marriage. Individual contribution toward the marital assets is but one factor to be considered.

Appellant also challenges the award of $850 in attorney fees. We have concluded that the trial court did not err in making this award.

We have examined the record and have concluded that the trial court did not clearly err and that the issues raised on appeal are so insubstantial as not to require formal submission.

The motion to affirm is granted.