MALNAR v MALNAR

Docket No. 90644. Submitted September 30, 1986, at Marquette.
Decided December 2, 1986.

Defendant, Darrell A. Malnar, was ordered by the Ontonagon
Circuit Court to pay child support to plaintiff, Nancy S. Mal-
nar, in an amount determined by the application of a formula
to defendant's net monthly income and to file an affidavit each
month as to the amount of his net income from any source.
Defendant was laid off from his job due to a strike and began
receiving weekly strike benefits from his union. Defendant did
not include these benefits as income in his monthly affidavits.
The *Ontonagon Friend of the Court* filed a petition for an order
to show cause, claiming that defendant failed to report all his
income. The court, William G. Cloon, J., determined that the
benefits were income for purposes of the child support order.
Defendant appealed.

The Court of Appeals *held:*

Strike benefits may be considered as supplemental unemploy-
ment benefits for purposes of determining income under the
Support and Visitation Enforcement Act.

Affirmed.

PARENT AND CHILD — CHILD SUPPORT — INCOME — STRIKE BENEFITS
— SUPPORT AND VISITATION ENFORCEMENT ACT.

Strike benefits may be considered as supplemental unemployment
benefits for purposes of determining income under the Support
and Visitation Enforcement Act (MCL 552.602[c][ii]; MSA
25.164[2][c][ii]).

*Gary W. Lance,* Prosecuting Attorney, for plain-
tiff.

REFERENCES

Am Jur 2d, Parent and Child §§ 50-56.

Change in financial condition or needs of parents or children as
ground for modification of decree for child support payments. 82
ALR2d 7.

*Marshall Keltz,* for defendant.

Before: ALLEN, P.J., and CYNAR and R. C. LIVO,*
JJ.

CYNAR, J. Defendant, who had the obligation to
support his two minor children, appeals from the
trial court's order determining strike benefits as
income. We affirm.

A judgment of divorce entered in 1981 awarded
the care and custody of three children to the
plaintiff and the care and custody of the fourth
child to the defendant. Further, defendant was
ordered to pay support for the minor children not
in his custody. In 1982, pursuant to an order
modifying the judgment of divorce, the plaintiff
was granted custody of two children and the defen-
dant was granted custody of two children. Defen-
dant was further ordered to file a monthly affida-
vit as to his net income from any source and to
pay the sum of fifty percent of his net income from
any source whatsoever in excess of net income of
$500 in each month up to a maximum of $125 per
month for each of the minor children, who were
not in his custody, being a maximum of $250 per
month child support.

In August, 1983, the defendant was laid off from
his job as a result of a strike at the White Pine
Copper Company and commenced receiving food
and fuel vouchers from the United Steelworkers of
America in the amount of $100 per week.

The defendant did not include the food and fuel
vouchers as net income in his monthly affidavit.

On March 20, 1985, the county friend of the
court filed a petition for an order to show cause
based on the contention that the defendant failed
to report monies in his affidavit. After submission
of the issue, the trial court on January 15, 1986,

* Circuit judge, sitting on the Court of Appeals by assignment.

entered an order determining strike benefits as income.

Defendant argues the trial court erred in determining that the food and fuel vouchers from the USWA strike and defense fund constitute income for purposes of a child support order.

The Support and Visitation Enforcement Act, MCL 552.601 *et seq.;* MSA 25.164(1) *et seq.,* defines income as used in the act at MCL 552.602(c); MSA 25.164(2)(c) as follows:

> (c) "Income" means any of the following:
>
> (i) Commission, earnings, salaries, wages, and other income due or to be due in the future from his or her employer and successor employers.
>
> (ii) Any payment due or to be due in the future from a profit-sharing plan, pension plan, insurance contract, annuity, social security, unemployment compensation, supplemental unemployment benefits, and worker's compensation.
>
> (iii) Any amount of money which is due to the payer under a support order as a debt of any other individual, partnership, association, or private or public corporation, the United States or any federal agency, this state or any political subdivision of this state, any other state or a political subdivision of another state, or any other legal entity which is indebted to the payer.

We direct our attention to subsection (ii) since it is controlling in determining whether the trial court ruled correctly.

Defendant argues subdivision (ii) sets out a listing of specific items. Therefore, unless strike benefits are among those items, subdivision (ii) *does not* cover them. Since strike benefits are not among the specific items listed, subdivision (ii) cannot be expanded *to include strike benefits* under the term "supplemental unemployment benefits." Contrary

to defendant's position, strike pay can fairly be included under supplemental unemployment benefits because strike pay was designed to supplement a striker's income during the unemployment occurring during a strike.

Further, defendant's reasoning is much too narrow. Anno: *Adequacy of amount of money awarded as child support,* 1 ALR3d 324, § 13, p 345, indicated the following:

> Besides considering a husband's earnings and earning capacity in determining the amount of child support which he is able to pay, the courts have also given frequent consideration to his assets and liabilities and to income which he may derive from sources other than his earnings.

Assets acquired from other than earnings, specifically gifts, are included for child support purposes. In 1 ALR3d 324, § 14(b), p 347 gratuities received by a husband are considered as follows:

> A husband not only may earn income, on which the amount of a child support award may be based (see § 12, *supra*), but he may also receive various gratuities, such as money, food or shelter, from his relatives or friends. Some cases have held that the amount awarded should be based on the husband's own resources, and not on gratuities which he has been receiving or may receive from others. But other cases have indicated that in determining the amount to be awarded it can be assumed that the husband will continue receiving gratuities which he has previously been receiving, and these cases have held that gratuities, as well as the husband's own resources, can be taken into consideration.

Interest from a spendthrift trust may be reached to satisfy a former wife's claim for child support. The elements of public policy which hold that a

father has a legal duty to support his minor children outweigh the public policy that an owner of property may do with it as he pleases by imposing spendthrift restraints on the disposition of income from a spendthrift trust. *Hurley v Hurley,* 107 Mich App 249; 309 NW2d 225 (1981), lv den 413 Mich 890 (1982). When the noncustodial parent has the financial means to support and maintain his own children, the source thereof is immaterial. *Dillon v Dillon,* 318 Mich 686; 29 NW2d 126 (1947). While the duty imposed on the parent must be fair and not confiscatory, the parent's duty to support his children is not limited to his income. *Travis v Travis,* 19 Mich App 128; 172 NW2d 491 (1969). In determining the amount of support, in addition to income, all relevant aspects of the financial status of the person obligated to pay support must be considered. *Cymbal v Cymbal,* 43 Mich App 566; 204 NW2d 235 (1972).

Affirmed.